UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 5, 2015

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. _____ |
| v. | <u>UNDER SEAL</u> |
| LUZ IRENE FAJARDO CAMPOS,<br>also known as<br>"La Comadre," "Jenny<br>Campos," "Jenny Aviles,"<br>and "Jenca,"<br><br>Defendant. | 21 U.S.C. §§959(a), 960, and 963<br>(Conspiracy to distribute five kilograms or more of cocaine, 500 grams or more of methamphetamine, and 1,000 kilograms of marijuana for Importation into the United States)<br><br>21 U.S.C. §§ 853 and 970<br>(Forfeiture) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

From in or around June 1997, and continuing to the date of the filing of this Indictment, in the countries of Colombia, Mexico, Ecuador, Panama, the United States and elsewhere, the Defendant, **LUZ IRENE FAJARDO CAMPOS, also known as "La Comadre," "Jenny Campos, "Jenny Aviles," and "Jenca,"** together with others, both known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate and agree to: (1) to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; (2) to manufacture and distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and (3) to distribute

a mixture and substance containing a detectable amount of marijuana, in Schedule I, knowing, intending, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 959(a); all in violation of Title 21, United States Code, Section 963.

With respect to the Defendant, the controlled substances involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, and one thousand (1,000) kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 960(b)(1)(B).

> (Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine, 500 Grams or More of Methamphetamine, and 1,000 Kilograms or More of Marijuana, Intending, Knowing, or Having Reasonable Cause to Believe that these Controlled Substances will be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(B)(ii), 960(b)(1)(H), 960(b)(1)(G) and 963)

## FORFEITURE ALLEGATION

The United States hereby gives notice to the defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as the result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of such offense.

Said property includes, but is not limited to:

A sum of money equal to all proceeds the defendant obtained directly or indirectly as a result of the Title 21 offense charged in this indictment, and all property used or intended to be used to facilitate such offense, that is, not less than a sum of money representing the amount of funds involved in the offense, and all interest and proceeds traceable thereto; in that such sum, in aggregate, was received by the defendant in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the said defendant up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, Untied States Code, Sections 853 and 970.)

A TRUE BILL:

_____
Foreperson

By: _____
ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice
Washington, D.C. 20530

_____
ANTHONY J. NARDOZZI
MICHAEL N. LANG
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
Telephone: (202) 514-0917