UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) )  ) |
| v. | ) ) No. 1:16-cr-00154 (KBJ) |
| LUZ IRENE FAJARDO CAMPOS, | ) ) ) |
| Defendant. | ) ) |

## SCHEDULING ORDER

The parties appeared before this Court on October 4, 2018, for a status conference in this criminal matter. Upon consideration of the representations that the parties made during that conference, it is hereby **ORDERED** that:

1. Jury selection remains set for **February 14, 2019, at 9:30 am** in Courtroom 17[1]; and

2. Trial remains set for **February 19, 2019, at 9:30 am** in Courtroom 17;

It is

**FURTHER ORDERED** that, on or before **November 14, 2018**, the parties shall file a joint notice that proposes a date that is no later than **January 2, 2019,** for submission of a Joint Pre-Trial Statement. **The criteria for the required contents of the Joint Pre-Trial Statement appear in the appendix attached to this Order. Non-conforming submissions will not be accepted.** The parties shall confer in preparing the Joint Pre-Trial Statement and file a single document on ECF. The parties must also submit to Chambers an electronic copy of the Joint Pre-Trial Statement, preferably in

---

[1] The Court will issue a separate order concerning trial procedures.

Microsoft Word Format, as well as a tabbed hard copy in a three-ring binder. With respect to proposed *voir dire* questions and jury instructions, the parties shall meet and confer, and to the greatest extent possible, agree upon a single set of questions and instructions.

DATE: October 5, 2018

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

**APPENDIX TO ORDER SCHEDULING PRE-TRIAL CONFERENCE AND SUBMISSION OF JOINT PRE-TRIAL STATEMENT**

The required Joint Pre-Trial Statement shall include:

1. <u>A neutral one-paragraph statement of the case</u>.

    a. The Court will read this statement to prospective jurors during the *voir dire* process.

    b. If the parties disagree about the language of the statement of the case, one party's proposed language should appear, followed by the reasons that the other party finds the statement objectionable, along with the other party's alternative proposed language.

2. <u>A set of jointly derived proposed *voir dire* questions</u>.

    a. One set of proposed *voir dire* questions shall be submitted.

    b. The Court's standard *voir dire* questions appear in Attachment 1 to this document. The parties' proposed *voir dire* questions should be additional inquiries particular to this case.

    c. If the parties disagree about the content of particular *voir dire* questions, one party's proposed language should appear, followed by the reasons that the other party finds the question objectionable, along with that other party's alternative proposed language. Where specific objections are noted, provide relevant legal authority (if any).

3. <u>A set of jointly derived proposed jury instructions</u>.

    a. One set of proposed jury instructions shall be submitted.

    b. The parties are encouraged to reference standard pattern jury instructions, such as the District of Columbia's standard criminal jury

      instructions.  *See* BARBARA BERGMAN, CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA.

  c.  If the parties disagree about the content of particular jury instructions, such objections should be indicated as follows:  (1) the proposed instruction (either the plaintiff's version or the defendant's version) should appear, with the source and supporting authority noted, followed by (2) objections to the proposed instruction, if any, and any relevant legal authority, followed by (3) the objecting party's alternative proposed instruction, if any, with the source and supporting authority noted, followed by (4) objections to the alternative instruction, if any, and any relevant legal authority.

  d.  The proposed jury instructions should be formatted so that each individual jury instruction, along with any stated objection to that instruction and alternative language, begins on a new page.

4.  <u>A list of the fact witnesses that each party intends to call during trial</u>.

  a.  The list of witnesses should be comprehensive and should include potential rebuttal witnesses.

  b.  The name and occupation (or title) of each witness should be provided, as well as a brief description of the testimony to be given (including area of expertise for any expert witness), and an estimate of the time necessary for direct examination.

   c.  Any objections to any of the listed witnesses should be noted, and the reasons for the objection should be provided, along with any supporting authority.

   d.  Opinion witnesses shall be designated by an asterisk.  Witnesses called only for impeachment purposes need not be listed.  No party may call at trial a witness who is not listed in the Joint Pre-Trial Statement (except for impeachment purposes).

   e.  The parties shall submit to the Court a binder containing a full copy of any prior statement related to this matter made by each listed witness (including a full copy of any deposition transcript), and by the defendant, regardless of whether the parties intend to offer any such statement during the trial.

5. <u>A list of prior convictions</u>.

   a.  The list of prior convictions should include convictions that the government intends to use for impeachment or any other purpose.

   b.  Any objections to any of the listed convictions should be noted, and the reasons for the objection should be provided, along with any supporting authority.

6. <u>A list of the exhibits that each party intends to offer during trial</u>.

   a.  The parties are permitted and encouraged to provide the list of exhibits in a table format.

   b.  The list of exhibits shall indicate which exhibits are objected to (if any) and shall state briefly (in one sentence or less) the basis for the

   objection.

   c. Each party shall provide a binder to the Court containing a copy of the list of exhibits and corresponding objections, along with numbered and tabbed copies of each exhibit.

   d. Proffered exhibits will be presumed authentic unless an objection to their authenticity is noted.

7. <u>Any stipulations of the parties</u>.

   a. Both parties in interest or their legal representatives must sign submitted stipulations, and both parties' counsel must sign as well.

   b. The parties will be bound by their stipulations; however, stipulations can be jointly withdrawn, amended, or augmented prior to trial.

8. <u>A jointly derived proposed verdict form, as well as proposed special interrogatories (if any)</u>.

   a. The proposed verdict form must include a date and signature line for the jury foreperson.

   b. Special interrogatories, if any, shall be presented together and clearly labeled as such.

   c. If the parties disagree about the content of particular interrogatories, one party's proposed language should appear, followed by the reasons that the other party finds the question objectionable, along with that other party's alternative proposed language. Where specific objections are noted, provide relevant legal authority (if any).

Attachment 1
**Standard Criminal *Voir Dire* Questions**
Judge Ketanji Brown Jackson

1. [The statement of the case is read.]  From what I have told you so far, does anyone believe that they have heard anything about this case?

2. The United States in this case is represented by **[         ]**.  PLEASE STAND.  Do you know any of these individuals, either personally or professionally?

3. The defendant at trial is **[         ]**.  PLEASE STAND.  Do you know the defendant or have you had any contact with the defendant?

4. **[Defendant]** is represented in this case by **[         ]**, from **[organization]**.  PLEASE STAND.  Do you know any of these individuals, either personally or professionally, or have any affiliation with **[organization]**?

5. You may hear testimony from or about a number of people during the course of this trial.  **[         ]** will now identify for you the names of people who may testify for the government, and **[         ]** will then read for you the names of people who may testify for the defendant.

6. Based on the information I gave you about this case, have you heard or read about this matter before coming to court or do you believe you know anything about the facts and circumstances of the case?

7. You have heard about the charges in this case, which involve **[         ]**.  Does anyone have such strong feelings about these charges that it would be difficult to be fair and impartial?

8. You may also hear that someone involved in the trial, whether it be a witness or the defendant himself, may have been previously convicted of a felony offense.  Would that knowledge make it difficult for you to be fair to that individual?

9. Do you know or do you recognize any other member of the prospective jury panel?

10. Do you know anyone else who is in the courtroom today, such as any of the courtroom clerks; the translators; the courtroom reporter; or me, the Judge?

11. The lawyers predict that the presentation of evidence in this trial should last approximately **[         ]** days, and I think this is a fair estimate, but it could run shorter or longer.  The jury will sit Monday through Friday from 9:30 AM to 4:30 PM for as long as it takes to hear the evidence in the case.  The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself.  Do you have an urgent or extremely important matter to attend to, such that you could be faced with a hardship if selected for

the jury in this case?

12. Do you have any vision or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case or to give your full attention to the case?

13. Do you have any other health problems which would interfere with your ability to sit as a juror in this case?

14. Do you have any difficulty in reading, speaking, or understanding English?

15. Have you, any members of your family, or any close friends ever studied law, had any legal training, or been employed by a lawyer or a law firm, worked in a courthouse, been a paralegal, served as a legal secretary, or performed legal investigative work?

16. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in judgment of another person?

17. Do you have any personal, cultural, or religious bias that would prevent you from treating the testimony of all individuals equally and fairly?

18. Have you ever served as a juror at a criminal trial or on a grand jury?

19. If you have previously been a juror in a civil or criminal trial, was there anything about your experience that might affect your ability to serve fairly and impartially in this case?

20. Have you, any members of your family, or any close friends ever been employed by a local, state, or federal law enforcement agency or a private security company, or ever applied for such employment? For example, this includes work at a police department, FBI, sheriff's department, CIA, Department of Justice, Marshal's Service, or the like.

21. Have you or any of your close friends worked for a defense attorney or defender organization?

22. Have you, any members of your family, or any close personal friends had any experiences with any law enforcement agency or the government that might cause you to favor or disfavor the government or law enforcement?

23. Have you ever filed a complaint against a police officer or anyone in law enforcement?

24. Is there any reason you would not be able to follow my instruction that you are not to give any greater or lesser weight to the testimony of a witness merely because he or she is a government or law enforcement officer?

25. Have you or any members of your family or any close personal friends ever been arrested or convicted of a crime, been a victim of a crime, been a witness to a crime, testified in court or before a grand jury as a witness to a crime, or been required to appear in court for any reason?

26. Do you or a close friend or family member belong to any group or organization that is active in law enforcement or crime victim prevention matters?  I will give you some examples: Fraternal Order of Police, Crime Watch, Crime Stoppers, or crime victim groups?

27. Is there anything else about the nature of this case or about the parties involved that would make it difficult for you to remain objective or to render a verdict based solely upon the evidence presented?

28. Persons who have been charged with crimes are presumed to be innocent.  The prosecution has the burden of proof.  This means that the jury cannot return a guilty verdict against a defendant unless the prosecution has proven, beyond a reasonable doubt, that the defendant is guilty of a particular crime.  Would you have any difficulty accepting and applying this legal principle?

29. Do you know of any reason, or has anything occurred to you during this questioning, that might in any way prevent you from following my instructions on the law and being completely fair and impartial as a juror in this case?