**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 16-154 (KBJ)** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LUZ IRENE FAJARDO CAMPOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EMAILS**

The United States respectfully submits this opposition to defendant Luz Irene Fajardo

Campos's (hereinafter "defendant") motion to suppress emails or in the alternative, for an

evidentiary hearing as to admissibility (hereinafter "motion"). [Docket No. 52]. The defendant

seeks to suppress emails seized by the government from two email accounts

facali05@hotmail.com and lulab69@hotmail.com.[1] The defendant argues that the government's

search of such accounts was too broad because the government allegedly did not describe with

specificity the things to be seized and places to be searched. The Court should deny the

defendant's motion on the merits and because the defendant fails to establish her standing to

challenge the search warrants under the Fourth Amendment.

As set forth below, the search warrants met the Fourth Amendment's particularity

requirement and the execution of each warrant did not violate the Fourth Amendment's

reasonableness standard, which is the standard that governs the execution of search warrants

according to the U.S. Supreme Court. Alternatively, if the Court finds that the search warrant

---

[1] The government does not intend to introduce any emails seized from the account
facali05@hotmail.com at trial. Therefore, the government does not specifically address
facali05@hotmail.com further in this response to the defendant's motion. However, the
government does not concede that the search of facli05@hotmail.com was overly broad, lacked
probable cause or was otherwise improper.

violated the Fourth Amendment, suppression is not the appropriate remedy because the good faith exception to the exclusionary rule applies.

No evidentiary hearing is required on this matter because this issue can be decided on the basis of the filings and the defendant may object to relevancy or sufficiency of the evidence at trial.  Additionally, the defendant is not entitled to a preview of what evidence the government intends to introduce nor to the government's theory of relevancy with respect to a piece of evidence.  The government will establish the relevance of the email evidence at trial.

## I.   FACTUAL BACKGROUND

During the investigation into the defendant's drug trafficking activities, the government sought and obtained three search warrants for the defendant's email account lulab69@hotmail.com.  Gov't Ex. 1; Gov't Ex. 2; and Gov't Ex. 3.  On January 8, 2014, a U.S. Magistrate Judge in the District of Arizona authorized a warrant to obtain all records or other stored information relating to specific categories of information from lulab69@hotmail.com from May 1, 2013 to January 8, 2014.  Gov't Ex. 1 at LIFC-04556.  The categories of information identified in Attachment B of the affidavit were:

1.    all subscriber information (including subscriber names, addresses, telephone numbers, dates of birth, social security numbers, account numbers, status of account, duration of account and method of payment);

2.    all account history (including customer Terms of Service, any complaints and service information);

3.    all detailed billing records (including date, time, duration, and screen name used each time a particular account was activated);

4.    a complete log file of all activity relating to the accounts (including dates, times, method of connection, port, dial-up and/or location);

5.    all records of subscriber account preferences, including but not limited to, the name and Internet address of any "favorite places" or "bookmarked" websites specified by the user(s) of the accounts, along with any "address books," "buddy lists," or "member profiles" maintained by, or related to, the account(s);

2

6.      all opened, unopened, deleted, sent, received and draft e-mail, including any attachments, sent by or received by the accounts, whether saved or deleted, whether contained directly in the e-mail accounts or in a customized "folder";

7.      all web-pages, including any associated links, that were created or maintained by the user(s) of the above-described accounts;

8.      all electronic files associated with the particular website hosted on the server;

9.      all address book and buddy list details, and

10.     any records of passwords, login names, dates, times and activity.

On May 15, 2014, a U.S. Magistrate Judge in the District of Arizona authorized a warrant to obtain all records or other stored information relating to specific categories of information from lulab69@hotmail.com from December 29, 2013 to May 15, 2014. Gov't Ex. 2 at LIFC-04470. Lastly, on October 23, 2014, a U.S. Magistrate Judge in the District of Arizona authorized a warrant to obtain all records or other stored information relating to specific categories of information from lulab69@hotmail.com from May 15, 2014 to October 23, 2014. Gov't Ex. 3 at LIFC-04498. For the search warrants dated May 15, 2014, and October 23, 2014, the categories of information sought were only numbers 1, 3, 4, 6, and 9 as described above.

The government's evidence at trial will demonstrate the relevance of the email account by showing the defendant forwarded the email address lulab69@hotmail.com over BlackBerry Messenger to several of her co-conspirators as detailed in each search warrant affidavit. Gov't Ex. 1 at LIFC-04556; Gov't Ex. 2 at LIFC-04485; and Gov't Ex. 3 at LIFC-04511. The government will further establish the defendant's connection to lulab69@hotmail.com based on the content of the emails and attachments which the government seized from the account. For example, on December 12, 2013, using lulab69@hotmail.com, the defendant or someone acting on her behalf sent several photographs to lulab69@hotmail.com. The photographs depict the

defendant holding a newspaper with the date circled, her Mexican passport, and two other documents, one of which clearly depicts her full name in capital letters: "LUZ IRENE FAJARDO CAMPOS."  The email account also contained the defendant's bank account statements, various legal documents with the defendant's name visible and voter identification cards for the defendant's four children.

## II.     ANALYSIS

### A.     <u>The Defendant Has Not Established Standing to Challenge the Search</u>

As a preliminary matter, the defendant fails to establish standing to contest the search of lulab69@hotmail.com.  The government's position is that lulab69@hotmail.com is the defendant's email account, but the defendant has not claimed the account as her own for purposes of establishing standing.  The defendant cannot claim a reasonable expectation of privacy in an email account without establishing her ownership or her substantial connection to the account.

The Fourth Amendment secures "the right of the people to be secure *in their* person, houses, papers, and effects against unreasonable searches and seizure."  U.S. Const. amend. IV (emphasis added).  It also protects reasonable and legitimate expectations of privacy for "people, not places."  *See Katz v. United States*, 389 U.S. 347, 351 (1967).   To challenge a search and seizure the defendant bears the burden of establishing, under the totality of circumstances, that the search violated her legitimate expectation of privacy in the place searched or the things seized.  *Rakas v. Illinois*, 439 U.S. 128 (1978); *see also United States v. Davis*, 617 F.2d 677, 691 (D.C. Cir. 1979) (citing *Rakas* with approval).

The Supreme Court in *Katz*, promulgated a two-part test to determine whether an expectation of privacy is reasonable: 1) the individual must have an actual subjective expectation of privacy, and 2) society must recognize that expectation as objectively reasonable.  *See Katz*,

389 U.S. at 661.  In *Rakas*, the U.S. Supreme Court rejected the notion that "any criminal defendant at whom a search was 'directed' would have standing to contest the legality of that search and object to the admission at trial of evidence obtained as a result of the search." *Rakas,* 389 U.S. at 143.  Fourth Amendment rights are personal to the individual and may not be vicariously asserted.  *Id*. at 133–34.  "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."  *Id*.  The ability of a criminal defendant to claim the protections of the Fourth Amendment depends on whether the defendant had "a legitimate expectation of privacy in the invaded place."  *Id*. at 143.

Here, the defendant must have a reasonable expectation of privacy in the lulab69@hotmail.com email account to claim a violation of her Fourth Amendment rights. Not only does the defendant fail to meet her burden to establish standing, the defendant's motion does not even raise the issue.  In fact, the defendant attempts to distance herself from the email account arguing the government must establish "that the defendant is responsible for the emails sent the [*sic*] from the two hotmail accounts." [Docket No. 52 at 11].  The defendant has also requested an admissibility hearing regarding how the government intends to connect the defendant to the email accounts "in order to prevent inadmissible evidence from being introduced at trial."  *Id*.  The defendant cannot claim a personal violation of her Fourth Amendment rights while simultaneously distancing herself from the email account.  Of course, the defendant may object to the relevancy of the email evidence offered at trial but unless the defendant establishes a subjective expectation of privacy and demonstrates that expectation is objectively reasonable under *Katz*, then there is no basis for the Court to suppress the emails. The defendant's assertion that the search warrant was "directed" at her does not grant her

standing to contest the evidence obtained by the search.  The defendant plainly fails to meet her burden to establish standing.  While the Court should deny the defendant's motion on standing, the government respectfully asks the Court to also deny the defendant's motion on the merits.

**B.      The Search Warrants Specified the Places to Be Searched and Things to Be Seized and Complied with the Fourth Amendment's Reasonableness Standard**

Under well-established Fourth Amendment law, a search warrant may be issued "'upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'" *Dalia v. United States*, 441 U.S. 238, 255 (1979) (quoting *Stanford v. Texas*, 379 U.S. 476, 481 (1965)).  The Supreme Court has interpreted that the Fourth Amendment requires only three things for search warrants: 1) issuance by a neutral magistrate, 2) an applicant's demonstration of probable cause to believe the evidence sought will aid in a particular apprehension or conviction for a particular offense, and 3) particularity in the description of the things to be seized and the places to be searched.  *Id*. (internal citation omitted).  Critically, the *Dalia* Court held that:

> [n]othing in the language of the Constitution or in th[e Supreme] Court's decision interpreting that language suggests that, in addition to the three requirements discussed above, search warrants also must include a specification of the precise manner in which they are to be executed.  On the contrary, it is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant—subject of course to the general Fourth Amendment protection "against unreasonable searches and seizures."

*Id*. at 257.  "The general touchstone of reasonableness which governs Fourth Amendment analysis . . . governs the method of execution of the warrant."  *United States v. Ramirez*, 523 U.S. 65, 71 (1998) (internal citation omitted); *see also Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 652 (1995) (stating that under the Fourth Amendment "the ultimate measure of the constitutionality of a governmental search is reasonableness").

Each search warrant described herein was issued by a neutral magistrate, and each affidavit set forth the facts to demonstrate that the defendant had access to or was using the email account lulab69@hotmail.com in furtherance of her drug trafficking activities.  The defendant only challenges whether the warrants satisfied the particularity requirement of the Fourth Amendment.  In other words, the defendant contests whether the government can search the whole email account without describing with more specificity what parts of the account may contain evidence of a crime.  [Docket No. 52 at 7–8].

First, each affidavit clearly described the things to be searched, to wit: the MSN Hotmail account lulab69@hotmail.com.  Second, the affidavits described the things to be seized: all records and other stored information pertaining to the categories specified in Attachment B of each affidavit.  Gov't Ex. 1 at LIFC-04556; Gov't Ex. 2 at LIFC-04470; Gov't Ex. 3 at LIFC-04498.  Each search warrant also identified the defendant as the target of the investigation and identified the target offenses of the investigation.  The Fourth Amendment requires nothing further.  In fact, precedent in the District of Colombia is clear that, an email search warrant complies with the Fourth Amendment particularity requirement when the government identifies a precise email account to be searched and specifies the items to be seized in an Attachment to the warrant.  *See Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 164 (D.D.C. 2014) (Chief Judge Roberts vacated the magistrate judge's denial and granted a search warrant application holding that the search warrant, which required a provider to disclose all emails, comported with Fourth Amendment).

The search warrants at issue here were reviewed and authorized by a United States Magistrate Judge in the District of Arizona, who found probable cause and specificity in the

places identified to be searched and things to be seized.  The magistrate did not find the warrant

to be overly broad or general.  Further, the search warrants did not request everything in the

email account; they requested all records and other stored information from specific categories

that fell within a specific date range.  Those constraints sufficiently narrow the search warrant.

For example, each affidavit stated that investigation of the defendant started in January 2012 and

that the defendant had used her email account to engage in narcotics related transactions.   The

affidavits also specified that the DEA was intercepting the communications from a specific

BlackBerry device used by the defendant since July 31, 2013, and critically, those interceptions

revealed the defendant was actively engaged in illegal activities.  Thus, unlike in *In Re*

*Applications for Search Warrants Associated With Email Accounts/Skype Accounts*, Nos. 13-MJ-

8163-JPO et al., 2013 WL 4647554 (D. Kan. Aug. 27, 2013), the search warrants only requested

specific categories of records from a date range that was narrower than the start date of the

investigation identified in the affidavit.

The defendant cites *Berger v. United States*, 388 U.S. 41, 56 (1967), to assert the need for

particularity is "especially great" in cases involving electronic interception.  [Docket No. 52 at

6–7].  In *Berger*, the government sought orders to install eavesdropping equipment in two offices

for real-time interception of oral communications.  *Id*. at 45.  The defendant's reliance on *Berger*

is misplaced because no such heightened standard exists for stored electronic information, which

is highly distinguishable from eavesdropping.  In fact, the defendant correctly acknowledges the

caselaw in this district and others have upheld similar searches of email accounts.  [Docket No.

52 at 9].  In sum, the defendant asks the Court to disregard precedent from this district and from

others nationwide to fashion a remedy for her. The Court should reject those attempts.

Finally, the defendant argues that search warrants were not particularized because they did not limit the warrants by sender or subject, or use a "taint team" to screen the emails. [Docket No. 52 at 7].  This argument goes to the execution of the search warrant, which is also governed by the reasonableness standard.  *Ramirez*, 523 U.S. at 71.  It is impractical and often impossible to limit the search warrant to emails that are either responsive to the subject matter of the investigation or based on the sender's email address.  Most of the subjects of the investigation and their email addresses were unknown, and an internet service provider such as Microsoft is neither capable nor equipped to screen the emails on the government's behalf. "[T]here is no need for [an internet service provider] to search through e-mails and electronic records related to the target account and determine which e-mails are responsive to the search warrant."  *Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d at 165–66.  Additionally, "non-governmental employees untrained in the details of the criminal investigation likely lack the requisite skills and expertise to determine whether a document is relevant to the criminal investigation."  *Id.*

The government has no affirmative duty to construct, and the Fourth Amendment does not require the government to employ, a taint or filter team to screen pertinent and non-pertinent emails.  *See Dalia*, 441 U.S. at 255.  While some courts have imposed *ex ante* requirements on the execution of search warrants, to include protocols for minimization, that is not required by the Fourth Amendment.  *See In Matter of Search of Info. Associated with Facebook Account Identified by Username Aaron.Alexis that is Stored at Premises Controlled by Facebook, Inc.*, 21 F. Supp. 3d 1, 8 (D.D.C. 2013) (Magistrate imposed minimization procedures on execution of search warrant); *cf. United States v. Galpin*, 720 F.3d 436, 451 (2d Cir. 2013) (holding that "specific search protocols or minimization undertakings as basic predicates for upholding digital

search warrants" are not required).  Regardless, here the Magistrate Judge issued the search

warrants without minimization or *ex ante* requirements and therefore the execution of the search

warrants only fall under the reasonableness standard of the Fourth Amendment.  The agents then

identified the pertinent and non-pertinent materials, and found no reasonable basis to conclude

that any of the materials were privileged.  Accordingly, it was reasonable for the Court in

Arizona to authorize the search warrants, reasonable for the executing officers to rely on such

warrants, and reasonable for the agents to carry out their review of the materials in the manner

previously described.  The defendant's attempts to illustrate the absence of a filter team's use as

support for suppression or government misconduct have no basis in law or fact and should be

rejected by the Court.

## C.    The Good-Faith Exception to the Exclusionary Rule Applies

If the Court finds that the search warrants lacked particularity to the extent the warrants

violated the Fourth Amendment, the Court should still allow the admission of the fruits of the

searches pursuant to the "good-faith exception" to the exclusionary rule.  *See United States v.*

*Leon*, 468 U.S. 897 (1984).  Generally, the government may not use evidence seized during an

unlawful search as proof against the victim of the unlawful search at criminal trial.  *See Wong*

*Sun v. United States*, 371 U.S. 471, 484 (1963).  However, exclusion of such evidence is not

constitutionally required, but instead is a "judicially created means of deterring illegal searches

and seizures." *Penn. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363 (1998).  The exclusionary

rule is not "a personal constitutional right of the party aggrieved." *United States v. Calandra*,

414 U.S. 338, 348 (1974).  It is applied "only where its deterrence benefits outweigh its

substantial social costs." *Leon*, 468 U.S. at 922.  Accordingly, "evidence obtained in objectively

reasonable reliance on a subsequently invalidated search warrant" should generally not be

excluded.  *Id.*  Therefore, suppression of evidence is a "last resort" rather than a "first impulse," *Hudson v. Michigan*, 547 U.S. 586, 591 (2006), appropriate only when law enforcement conduct is "sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system."  *Herring v. United States*, 555 U.S. 135, 144 (2009).

The Supreme Court in *Leon* recognized that the good-faith exception will not apply in some limited circumstances: 1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; 2) where "the issuing magistrate wholly abandoned his judicial role . . ."; 3) if the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and 4) if the warrant was "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized"—that the executing officers could not have reasonably presumed it to be valid.  *Leon*, 468 U.S. at 923.

Here, none of the limited circumstances identified in *Leon* apply.  Special Agents executed the search warrants under circumstances which made the warrants objectively reasonable and in a manner that is consistent with well-established practices affirmed by federal courts.  The warrants detailed the place to be searched and the items to be seized.  They also restrained the scope of the search by limiting the time-range for each warrant and a neutral magistrate in the District of Arizona found probable cause to issue each warrant.  Therefore, if the Court determines that any of the search warrants violated the Fourth Amendment, the Court should not suppress the evidence because the good-faith exception applies.

### III.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny the

defendant's motion to suppress emails and deny the defendant's request for an admissibility

hearing.


Respectfully submitted this 14th day of December, 2018.


                                       Arthur G. Wyatt, Chief
                                       Narcotic and Dangerous Drug Section
                                       Criminal Division
                                       U.S. Department of Justice


By:    */s/ Cole Radovich*
                                       Cole Radovich
                                       Anthony Aminoff
                                       Kaitlin Sahni
                                       Trial Attorneys
                                       Narcotic and Dangerous Drug Section
                                     Criminal Division
                                     U.S. Department of Justice
                                     Washington, D.C. 20530
                                     Telephone: (202) 353-9076

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing

(ECF) system with the United States District Court for the District of Columbia to counsel of

record for the defendant, this 14th day of December, 2018.


By:      */s/ Cole Radovich*
Cole Radovich
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice