**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 16-154 (KBJ) |
| | ) | |
| v. | ) | |
| | ) | |
| LUZ IRENE FAJARDO CAMPOS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S REPLY IN FURTHER SUPPORT OF ITS MOTION**
***IN LIMINE* TO INTRODUCE EVIDENCE OF OTHER CRIMES AT TRIAL**

The United States of America, by and through counsel, respectfully submits this Reply in Further Support of the Government's Motion *in Limine* to Introduce Other Crimes Evidence at Trial (Dkt. No. 48) (hereinafter the "Motion" or "Gov't Other Crimes Mot."). For the reasons set forth below and in the Government's previous Motion, the Defendant's arguments are without merit. Accordingly, the Court should grant the Government's Motion.

**I.    ARGUMENT**

**A.    Evidence of Bribery During and in Furtherance of the Charged Conspiracy is Direct Evidence Not Subject to the 404(b) Analysis**

As stated in the Government's Motion, evidence of the defendant's bribery and corruption of foreign officials is not subject to Federal Rule of Evidence 404(b) because these were contemporaneous acts taken in furtherance of the Defendant's drug trafficking activities, and thus they are intrinsic to the charged conspiracy. The Defendant argues that the D.C. Circuit's criticism of broad definitions of "inextricably intertwined" in *United States v. Bowie*, 232 F.3d 923 (D.C. Cir. 2000), somehow renders the concept of intrinsic evidence inapplicable. [Dkt. No. 55 at 4–5]. This is a misreading of *Bowie*. Although the D.C. Circuit rejected the notion that evidence is intrinsic simply because it can "complete the story" or "explain the

1

circumstances," it also "recognize[d] that, at least in a narrow range of circumstances . . . evidence can be 'intrinsic to' the charged crime." *Bowie*, 232 F.3d at 929. Subsequently, this Circuit has repeatedly reaffirmed the intrinsic-extrinsic evidence distinction. *See, e.g.*, *United States v. McGill*, 815 F.3d 846, 879 (D.C. Cir. 2016). One type of intrinsic evidence expressly recognized in *Bowie* is "uncharged acts performed contemporaneously with the charged crime . . . if they facilitate the commission of the charged crime." *Bowie*, 232 F.3d at 929. The evidence the Government seeks to introduce in this case as intrinsic to the charged offense is "the Defendant's use of bribery and corruption during the time period charged," which she used "to ensure the safe transport of the DTO's narcotics without interference by law enforcement." [Gov't Other Crimes Mot. at 7–8]. Thus, this bribery and corruption evidence falls squarely within the circumstances identified in *Bowie*.

Because evidence of the Defendant's use of bribery and corruption during the time period specified in the indictment is direct evidence of the crime charged, it is not subject to analysis under Federal Rule of Evidence 404(b). Intrinsic evidence "by its very nature . . . does not involve *other* crimes, wrongs or bad acts . . . there is no concern that it might be used as improper character evidence," and therefore Rule 404(b) does not apply. *United States v. Lerma-Plata*, 919 F. Supp. 2d 152, 156 (D.D.C. 2013).[1]

---

[1] Because intrinsic evidence is direct evidence of the crime charged, it is also not subject to the notice requirement of Federal Rule of Evidence 404(b). As a result, the Gov't Other Crimes Mot. is not an exhaustive list of all evidence the Government will seek to admit as intrinsic to the conspiracy. For example, the Government's evidence will show that during the time period charged in the conspiracy, the Defendant attempted to procure rifles through an associate in order to remove the Defendant's drug trafficking rivals from a particular territory in Mexico. Such evidence of weapons possession and/or violence in furtherance of a drug trafficking conspiracy is routinely admitted as intrinsic evidence. *See, e.g., McGill*, 815 F.3d at 881–82 (holding that evidence defendant sought to enlist other conspiracy members to kill an individual to protect his reputation and to prevent interference with his drug dealing is direct evidence of the conspiracy itself not subject to Rule 404(b) analysis).

**B.     The Government has Provided Proper Notice of the Evidence it Seeks to Admit Pursuant to Rule 404(b)**

The Defendant repeatedly asserts—without citing any authority—that she has not been provided with sufficient facts regarding how the Government intends to prove at trial the other crimes at issue. [*See, e.g.,* Dkt. No. 55 at 5–6]. The Defendant misunderstands the notice to which she is entitled. The text of Rule 404(b) states that the prosecutor should provide "reasonable notice of the general nature" of the evidence sought to be introduced. Fed. R. Evid. 404(b)(2)(A). The Advisory Committee explicitly rejected a particularity requirement when it amended Rule 404(b) to establish the pretrial notice requirement. The Advisory Committee noted: "[N]o specific form of notice is required . . . . Instead, the Committee opted for a generalized notice provision which requires the prosecution to apprise the defendant of the general nature of the evidence of the extrinsic acts." Fed. R. Evid. 404(b) advisory committee's note to 1991 amendment. "Courts have routinely denied requests by defendants for greater particularity in 404(b) notice." *United States v. Watson*, 409 F.3d 458, 466 (D.C. Cir. 2005) (citing *United States v. Watt*, 911 F. Supp. 538, 556–57 (D.D.C. 1995)); *see, e.g.*, *United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993) (holding Government's statement that it "might use evidence from some local robberies" was sufficient to describe the general nature of the acts to be introduced pursuant to Rule 404(b); *United States v. Schoeneman*, 893 F. Supp. 820, 823 (N.D. Ill. 1995) (holding that the Government need not "turn over specific evidentiary detail" in 404(b) notice).

Thus, the Defendant's assertions that she has not been provided with sufficient, specific information are without merit. Contrary to her assertions, the Defendant is not entitled to a "discussion in the [g]overnment's pleading as to how they intend to prove" these other crimes, nor to the "details . . . as to date, time, location (other than the country), etc." [Dkt. No. 55 at 6];

*see United States v. Rusin*, 889 F. Supp. 1035, 1036 (N.D. Ill. 1995) (rejecting defendant's argument that Rule 404(b) notice requires the Government to disclose "dates, places, and persons involved in the specific acts; documents that pertain to the acts, a statement of the issues to which the Government believes such evidence may be relevant."). The Government has provided the Defendant with more than sufficient information regarding the general nature of the evidence sought to be introduced pursuant to Rule 404(b).

### C. If the Court Finds the Evidence of Bribery to Be Extrinsic to the Conspiracy, It is Properly Admitted as 404(b) Evidence. The Rest of the Other Crimes Evidence Identified by the Government in its Motion is Also Properly Admitted as 404(b) Evidence.

Rather than repeat the arguments in its Motion, the Government believes it has identified in its initial filing proper uses for the other crimes evidence it seeks to admit under Rule 404(b), "a rule of inclusion rather than exclusion." *United States v. Long*, 328 F.3d 655, 660–61 (D.C. Cir. 2003). The Government further believes it demonstrated the evidence would not be substantially more prejudicial than probative under Rule 403. The Government now simply rebuts the Defendant's claim that the Government has "enough" evidence. [Dkt. No. 55 at 7–8]. The defense implies the Government doesn't need this evidence, and therefore its introduction would be "overkill." [Dkt. No. 55 at 8]. This is not a sound reason to exclude the relevant, probative, and not unduly prejudicial evidence it seeks to admit. The fact that the Government has other strong evidence that the Defendant trafficked narcotics for more than a decade should not preclude the Government from marshalling its best evidence to put before a jury. In its Motion, the Government seeks to admit valuable evidence, including: post-indictment statements that demonstrate the Defendant's intent, *see United States v. Watson*, 894 F.2d 1345, 1349 (D.C. Cir. 1990) (holding that later acts may demonstrate an accused's intent when fairly recent and connected with prior material events); evidence of bribery to prove the Defendant's knowing

participation in the conspiracy, *see United States v. Lorenzana-Cordon*, 141 F. Supp. 3d 35, 42 (D.D.C. 2015), and to provide background and context to the Defendant's drug trafficking activities, *see id.* (holding that "[s]uch 'completing the story' evidence, although not admissible as intrinsic evidence, may properly be admitted under 404(b) for any non-propensity purpose"); and evidence that she attempted to establish a methamphetamine laboratory in the Democratic Republic of the Congo in order to demonstrate the scope of the charged conspiracy and the "organizational control" she exercised, *see United States v. Mahdi*, 598 F.3d 883, 891 (D.C. Cir. 2010).  Under Rule 404(b) and the case law in this district, the Government should not be constrained from presenting in its case-and-chief admissible, proper, non-cumulative evidence to prove the Defendant's participation as a high-ranking member in a conspiracy to distribute narcotics for illegal importation into the United States.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court grant the Government's Motion to introduce intrinsic evidence and introduce other crimes evidence at trial.

    Respectfully Submitted,

    ARTHUR G. WYATT, Chief
    Narcotic and Dangerous Drug Section
    Criminal Division
    United States Department of Justice

By:    */s/   Anthony Aminoff*
    Anthony Aminoff
    Cole Radovich
    Kaitlin Sahni
    Trial Attorneys
    Narcotic and Dangerous Drug Section
    Criminal Division,
    United States Department of Justice
    Washington, D.C. 20530
    Tel: 202-514-0917

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent via the Electronic Case Filing (ECF) system with the United States District Court for the District of Columbia to counsel of record for the Defendant, this 21st day of December 2018.

                                     By:     /s/   Anthony Aminoff
                                                  Anthony Aminoff
                                                  Trial Attorney
                                                  Narcotic and Dangerous Drug Section
                                                  Criminal Division,
                                                  United States Department of Justice