**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 16-CR-154 (JDB)** |
| **LUZ IRENE FAJARDO CAMPOS,** | |
| **Defendant.** | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S *PRO SE* PETITION FOR COMMUTATION OF SENTENCE**

The United States of America, by and through the undersigned attorneys, respectfully submits this Opposition to Defendant Luz Irene Fajardo Campos' ("Defendant") *Pro Se* Petition for Commutation of Sentence. ECF No. 163. For the reasons set forth below, the Court must summarily dismiss the Defendant's petition because it lacks jurisdiction to consider matters pertaining to grants of clemency.

I.    Background

A.    Procedural History

On August 30, 2016, a grand jury returned a single-count Indictment charging the Defendant with conspiracy to distribute five kilograms or more of cocaine, 500 grams or more of methamphetamine, and 1,000 kilograms or more of marijuana for importation into the United States in violation of Title 21, United States Code, Sections 959(a), 960, 963. *See* ECF No. 1 (Indictment).[1]

---

[1] On December 20, 2018, the parties filed a joint motion to amend the Indictment, removing the marijuana distribution allegation and narrowing the time frame of the Indictment. ECF Nos. 59, 60; Minute Order, Jan. 16, 2019 (Granting Motion to Amend Indictment).

The Defendant was arrested in Bogotá, Colombia on March 31, 2017, and made her initial appearance in the District of Columbia on April 7, 2017. The Defendant proceeded to trial. The trial began on December 10, 2019. On December 18, 2019, the Defendant was convicted by a jury of conspiring to distribute five kilograms or more of cocaine and to manufacture and distribute 500 grams or more of methamphetamine knowing and intending that such substances would be unlawfully imported into the United States. ECF No. 108 (Verdict Form).

On June 30, 2020, the government filed with the Court its Sentencing Memorandum, recommending a life term of imprisonment. ECF No. 121. The government's recommendation was based on a computed adjusted offense level of 50, and the applicable sentencing guidelines. ECF No. 121; ECF No. 127 (PSR) ¶¶ 15-23. Following multiple unopposed motions to continue, a sentencing hearing was held on July 27, 2021. *See* ECF Nos. 122, 123, 129, 130, 131, 139.

On July 27, 2021, this Court sentenced the Defendant to a term of "two hundred and sixty-four (264) months on Count One (1) with credit for time served since arrest on [March 17, 2017] in Bogota, Colombia." ECF No. 139 at 3. The judgment of conviction was entered on July 28, 2021. *Id*. at 1.

On April 12, 2024, the Defendant filed the instant *pro se* petition for commutation of sentence, requesting, in effect, immediate release from detention after having served only seven years of a 22-year sentence. ECF No. 163. On April 12, 2024, by Minute Order, this Court directed the government to file a response no later than April 26, 2024.

B. The Offense Conduct[2]

Beginning at least in January 2010 and continuing through August 2016, the Defendant led an international drug trafficking organization ("DTO") that was directly responsible for distributing and importing dangerous drugs into the United States. Her DTO was closely affiliated with the Sinaloa Cartel based in Mexico, one of the largest, most prolific, and violent criminal organizations in the world.

Evidence at trial established the Defendant directed much of her drug trafficking operations over BlackBerry devices. The Defendant's operation required extensive planning and coordination; this involved, *inter alia*, recruiting pilots qualified to fly particular airplanes, acquiring planes capable of flying between continents, securing access to clandestine airstrips, paying bribes to public officials, and finding cocaine suppliers. Trial testimony established that she kept a dozen pilots on retainer to fly these drug loads on her behalf. She also employed workers to load, receive, smuggle, and ultimately distribute the cocaine. The Defendant moved her drugs under the protection of the Sinaloa Cartel, with which she was closely aligned.

In sum, the evidence at trial established that the Defendant ran a sophisticated international DTO, in which she sourced cocaine from Colombia, employed pilots, brokered the purchase of planes to fly cocaine to Central America and Mexico, bribed officials, oversaw the importation of metric tons of precursor chemicals, some of which she processed into methamphetamine at a laboratory located in Mexico, coordinated the distribution of tonnage quantities of cocaine, and distributed dozens of pounds of methamphetamine for importation to the United States.

---

[2] Provided below is a brief recitation of the case and summary of the evidence presented at trial, which is described in greater detail in the Government's Sentencing Memorandum (ECF No. 121), the Transcript of the Trial Proceedings (ECF Nos. 149-155), and the Presentence Investigation Report (ECF No. 127 ¶¶ 5-11a).

II.    <u>Applicable Law</u>

The President, not the Court, is vested with the authority to "grant Reprieve and Pardons for Offences against the United States, except in Cases of Impeachment."  U.S. Const. art. II, § 2, cl. 1. Courts lack the authority to "direct the President of the United States to grant, process, or consider a pardon request." *Lewis v. United States*, Civil Action No. 1:22-cv-01797 (UNA), 2022 WL 3016778, at *1 (D.D.C. July 28, 2022) (citing *Yelvington v. Presidential Pardon and Parole Att'ys*, 211 F.2d 642, 643-44 (D.C. Cir. 1954) (affirming denial of mandamus petition to compel attorneys to submit inmate's petition for clemency to the President, noting that pardoning power "expressly vests in the President" which "should . . . be free of judicial control")); *see also United States v. Pollard*, 416 F.3d 48, 57 (2005) ("Clemency, over which neither Congress nor the courts share any constitutional authority, is more properly the exclusive province of the Executive. As stated by Judge Learned Hand, '[i]t is a matter of grace, over which courts have no review[.]'") (internal citation omitted).

III.    <u>Argument</u>

This Court lacks jurisdiction to adjudicate requests for clemency. Therefore, the Defendant's petition must be dismissed.

The Defendant is required to file the petition through the Office of the Pardon Attorney. *See* 28 C.F.R. § 1.1 (2024). Title 28, Chapter 1, Part 1 of the Code of Federal Regulations (C.F.R.) provides that:

> a person seeking executive clemency by pardon, reprieve, commutation of sentence, or remission of fine shall execute a formal petition.  The petition shall be addressed to the President of the United States and shall be submitted to the Pardon Attorney, Department of Justice, Washington, DC 20530. Petitions and other required forms may be obtained from the Pardon Attorney. Petition forms for commutation of sentence also may be obtained from the wardens of federal penal institutions. In such a case, a form furnished by the Pardon Attorney may be used but should be modified to meet the needs of the particular case. Each petition for

executive clemency should include the information required in the form prescribed by the Attorney General.

*Id.*

The Office of the Pardon Attorney ("the Office") "is entrusted with the responsibility of administering the executive clemency process, in accordance with longstanding federal regulations codified at 28 C.F.R. §§ 0.35, 0.36, and 1.1 - 1.11." Office of the Pardon Attorney, *About the Office*, https://www.justice.gov/pardon/about-office (last visited Apr. 24, 2024). "The Office receives, reviews, and investigates applications for executive clemency and provides advice and recommendations to the President." *Id.* "For over 130 years, Presidents have relied on the Office to support the exercise of the constitutional clemency power by providing neutral advice and expertise." *Id.* "The Office also prepares the documents the President signs when granting clemency and notifies applicants when the President has made a decision to grant or deny clemency." *Id.*

The Defendant submitted the petition to the Office of the Pardon Attorney. The government confirmed with the Office of the Pardon Attorney that it received the Defendant's petition on April 4, 2024, the Office is processing the petition, and the Office will direct all subsequent communications pertaining to the Defendant's clemency application directly to the Defendant, through the Bureau of Prisons.

5

IV.    Conclusion

For the reasons set forth above, the government respectfully requests that the Court

dismiss Defendant's petition for commutation of sentence.

Respectfully Submitted,
MARLON COBAR, Chief
Narcotic and Dangerous Drug Section
U.S. Department of Justice


By:    /s/    *Douglas Meisel*
Douglas Meisel
Imani Hutty
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division, U.S. Department of Justice
Washington, D.C.  20530
Telephone: (202) 598-2281

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this 24th day of April 2024, I electronically filed the foregoing Government's Motion to Continue Deadline for Filing Response with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing, first class postage paid, to Luz Irene Fajardo Campos at the following address:


Luz Irene Fajardo Campos
Register No. 35120-016 (A-4 unit)
Federal Correction Institution Aliceville
PO Box: 4000
Aliceville, AL 35442

<u>/s/ Douglas Meisel</u>
Douglas Meisel
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
Department of Justice