AO 243 (Rev. 09/17)

## Motion to Vacate, Set Aside, or Correct a Sentence
## By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

    **District of Columbia District Court - Washington, DC**
    **333 Constitution Avenue, N.W.**
    **Washington, DC 20001**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9.  **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**



RECEIVED
Mailroom
FEB - 5 2026
Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | District of Columbia (Washington, DC) |
|---|---|---|
| Name *(under which you were convicted)*:<br>LUZ IRENE FAJARDO CAMPOS | | Docket or Case No.:<br>1:16-cr-00154-JDB-1 |
| Place of Confinement:<br>FCI Aliceville, FCI, P.O.BOX 4000, ALICEVILLE, AL  35442 | Prisoner No.:<br>35120-016 | |
| UNITED STATES OF AMERICA | | Movant *(include name under which convicted)* |
| V. | | LUZ IRENE FAJARDO CAMPOS |

### MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   District of Columbia District Court - Washington, DC
   333 Constitution Avenue, N.W.
   Washington, DC 20001

   (b) Criminal docket or case number (if you know): __1:16-cr-00154-JDB-1__

2. (a) Date of the judgment of conviction (if you know): __7/28/2021__

   (b) Date of sentencing: __7/27/2021__

3. Length of sentence: __264 months__

4. Nature of crime (all counts):

   21:959(a), 960(b)(1)(B)(ii); 960(b)(1)(G) and 963; MANUF./DISTR. FOR ILLEGAL IMPORTATION - CONTROLLED SUBSTANCE; Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine, 500 Grams or More of Methamphetamine, and 1,000 Kilograms or More of Marijuana, Intending, Knowing, or Having Reasonable Cause to Believe that these Controlled Substances will be Unlawfully Imported into the United States.
   (1)

5. (a) What was your plea? (Check one)

   (1) Not guilty [✔]    (2) Guilty [ ]    (3) Nolo contendere (no contest) [ ]

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N / A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury [✔]    Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes [ ]    No [✔]

AO 243 (Rev. 09/17)

8.   Did you appeal from the judgment of conviction?        Yes ✔          No ☐

9.   If you did appeal, answer the following:

(a) Name of court:  United States Court of AppealsFOR THE DISTRICT OF COLUMBIA CIRCUIT

(b) Docket or case number (if you know):  21-3051

(c) Result:  affirmed

(d) Date of result (if you know):  5/23/2025

(e) Citation to the case (if you know):  USA ,APPELLEE v. LUZ IRENE FAJARDO CAMPOS,APPELLANT

(f) Grounds raised:

Appellant seeks reversal on multiple grounds, including for lack of proper venue under Article III, Section 2, Clause 3 of the United States Constitution and the Sixth Amendment because no part of the conspiracy occurred in the District of Columbia.

(g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐          No ✔

If "Yes," answer the following:

(1) Docket or case number (if you know):  N/A

(2) Result:  N/A

(3) Date of result (if you know):

(4) Citation to the case (if you know):  N/A

(5) Grounds raised:

N/A

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
Yes ☐     No ✔

11.  If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:  N/A

(2) Docket or case number (if you know):  N/A

(3) Date of filing (if you know):

AO 243 (Rev. 09/17)

(4)  Nature of the proceeding:  _____N/A_____

(5)  Grounds raised:

       N/A

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐     No ☑

(7)  Result:  _____N/A_____

(8)  Date of result (if you know):  _____

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court:  _____N/A_____

(2)  Docket of case number (if you know):  _____N/A_____

(3)  Date of filing (if you know):  _____

(4)  Nature of the proceeding:  _____N/A_____

(5)  Grounds raised:

       N/A

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes ☐     No ☑

(7)  Result:  _____N/A_____

(8)  Date of result (if you know):  _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes ☐    No ☑

(2)  Second petition:   Yes ☐    No ☑

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

       N/A

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSELS DURING PRETRIAL AND SENTENCING FOR FAILING TO OBJECT, FILE MOTIONS, INEVESTIGATE, INFORM AND APPRISE OF THE FACTS, AND EXPLAIN THE BENEFITS OF TRIAL OR ACCEPTING A PLEA OFFER

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner submits that Counsels were ineffective for failing to properly Object, Challenge, investigate and move to dismiss via motion, the Illegal Search and Seizure, Indictment. Counsel failed to investigate, apprise Petitioner of the facts, omitted and misleaded Petitioner with vital case information, demonstrated half-heartedness performance, failed to expalin appeal issues, failed to inform of appeal possiblilites. At sentencing, Counsel deprived and did not allow Petitioner to speak to the court during sentencing. Had Counsel properly advised, informed, apprised and investigated Petitioner's case and situation, Petitioner would likely not gone to trial and instead accepted a favorable plea or entered a stipulated plea, or a plea agreement favorable to both parties, or would have been able to proceed to trail fully informed of the consequences and alternatives with options surrounding the challenging of the evidence.

* For Details, Please See Memorandum of Points and Authorities and Affidavit Attached herein.

* Request for a Evidentiary Hearing and Appointment of Counsel.

(b) **Direct Appeal of Ground One:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☐    No ☑

  (2) If you did not raise this issue in your direct appeal, explain why:

  ineffective Assistance of Counsel, Lack of Communication between Defendant and Counsel, Record not fully developed or available, acting pro se, indigent, and Ineffective Assistance of Counsel Claims not adequate.

(c) **Post-Conviction Proceedings:**

  (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ☐    No ☑

  (2) If you answer to Question (c)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: _____

  Docket or case number (if you know): _____

  Date of the court's decision: _____

  Result (attach a copy of the court's opinion or order, if available): _____

  (3) Did you receive a hearing on your motion, petition, or application?

  Yes ☐    No ☑

AO 243 (Rev. 09/17)

(4)  Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☑

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☑

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):    _____

Date of the court's decision:    _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** COUNSELS WERE INEFFECTIVE FOR THEIR FAILURE TO EXPLAIN AND DISCUSS PETITIONER'S AVAILABLE OPTIONS AND POSSIBLE CONSEQUENCES, DECISION TO OPT OR NOT TO TRIAL, AND ADEQUATELY COUNSEL PETITIONER OF THE SITUATION

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Petitioner submits that Counsels were ineffective for their failure to explain and discuss Petitioner's decision to opt to trial. However, Counsels did not explain and discuss the situation, any enhancements, direct appeal procedures, options and alternatives and other vital information so that Petitioner could have made and intelligent and informed decision. Petitioner proceeded with counsels' defective advice and entered a plea of not guilty at Counsel direction of counsel. At trial, counsel never explained that Petitioner had the exclusive right to testify, at sentencing counsel deprived Petitioner from addressing the court..

Had Counsel apprised, properly informed, not misleaded or decieved Petitioner, engaged in plea negotiations, investigatat facts, Petitioner would have enetered a plea ot guilty and or proceeded to trial or in the alternative sought the most favorable plea with an informed decisini

* For Details, Please See Memorandum of Points and Authorities and Affidavit Attached herein.

* Request for a Evidentiary Hearing and Appointment of Counstel.

(b)  **Direct Appeal of Ground Two:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

AO 243 (Rev. 09/17)

(2)    If you did not raise this issue in your direct appeal, explain why:

ineffective Assistance of Counsel, Lack of Communication between Defendant and Counsel, Record not fully developed or available, acting pro se, indigent, and Ineffective Assistance of Counsel Claims not adequate.

(c)    **Post-Conviction Proceedings:**

(1)    Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☑

(2)    If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(3)    Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☑

(4)    Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☑

(5)    If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☑

(6)    If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

(7)    If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** COUNSELS INEFFECTIVE ASSISTANCE RENDERS VOID PETITIONER'S NOT GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner submits that his NOT Guilty plea was unconstitutionally entered rendering it null and void because it was entered unknowiingly, unintelligently and involuntarily due to Counsels misleading, inaccurate, deceptive, and ommited set of facts and advice. Counsels did not explain and discuss the situation, any enhancements, direct appeal procedures, options and alternatives and other vital information. This deprived and violated Petitioner's righ to make and intelligent and informed decision. Petitioner proceeded to trial with counsels defective advice and entered a plea of not guilty at Counsel directions. Had Counsels explained the elements to the charges, the Sentencing Guidelines and Petitioner's Level on the U.S.S.G. Had Counsel apprised, properly informed, not misleaded or decieved Petitioner, investigated the facts and leads, and challenged self serving statements used against Petitioner, Petitioner would have gone to trail well prepared and fully informed, or in the alternative sought the most favorable plea with an informed decision for it or not gone to trial.

\* For Details, Please See Memorandum of Points and Authorities and Affidavit Attached herein.

\* Request for a Evidentiary Hearing and Appointment of Counsel.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

neffective Assistance of Counsel, Lack of Communication between Defendant and Counsel, Record not fully developed or available, acting pro se, indigent, and Ineffective Assistance of Counsel Claims not adequate.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☑

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** COUNSELS WERE INEFFECTIVE FOR FAILING TO OBJECT, PRESERVE FOR APPEAL AND ARGUE THE CUMULATIVE ERRORS THROUHGT THE PRETRIAL AND SENTENCING PROCESS  VIOLATING PETITIONER'S RIGHTS TO A FAIR PROCESS

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Petitioner submits that Counsels for Petitioner were ineffective for their failure to zealously represent Petitioner during the pretrial, trial, and sentencing and appeal stage. Counsels were ineffective for failing to apprise Petitioner of the actual consequences of going to trial or accepting a plea offer. Counsels failed to object, preserve for appeal and argue the cumulative errors throughout the pretrial, sentencing and appeal process violating Petitioner's rights to a fair process and a fair trial.

* For Details, Please See Memorandum of Points and Authorities and Affidavit Attached herein.

* Request for a Evidentiary Hearing and Appointment of Counsel.

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

Ineffective Assistance of Counsel, Lack of Communication between Defendant and Counsel, Record not fully developed or available, acting pro se, indigent, and Ineffective Assistance of Counsel Claims not adequate.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☑

(2)  If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3)   Did you receive a hearing on your motion, petition, or application?
         Yes ☐         No ☑

(4)   Did you appeal from the denial of your motion, petition, or application?
         Yes ☐         No ☑

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
         Yes ☐         No ☑

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13.   Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Unable to identify all grounds due to lack of resources, ineffective assistance of counsel, and record underdeveloped at this time.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ✔    No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

United States Court of Appeals for the Fifth Circuit.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

Defense Attorney: Robert Feitel

(b) At the arraignment and plea:

Defense Attorney: Robert Feitel

(c) At the trial:

Defense Attorney: Robert Feitel

(d) At sentencing:

Defense Attorney: Robert Feitel

(e) On appeal:

Tony Lenell Axam

(f) In any post-conviction proceeding:
PRO SE

(g) On appeal from any ruling against you in a post-conviction proceeding:
PRO SE
All other Counsels that represented Petitioner will be named throught this pleading.

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ✔

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ✔

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N / A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:    N / A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ✔

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

THIS MOTION IS TIMELY

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
  (1)   the date on which the judgment of conviction became final;
  (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Grant evidentiary hearing, direct Respondent file an Answer; direct all Counsels to Admit of Deny Petitioner's Claims; Grant Leave to Utilize Discovery Tools, Appoint Counsel; Grant Petitioner Leave to Supplement his timely and initial 2255 Claims.

or any other relief to which movant may be entitled.

_____Pro Se_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____1/29/2026_____.

(month, date, year)

Executed (signed) on _____1/29/2026_____ (date)

_____LUZ IRENE FAJARDO CAMPOS_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.