RECEIVED
Mailroom

FEB - 5 2026

Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

**LUZ IRENE FAJARDO CAMPOS**
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 4000
ALICEVILLE, AL   35442

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA (WASHINGTON, DC)

| | |
|---|---|
| **LUZ FAJARDO CAMPOS,** ) | Case Number: **1:16-cr-00154-JDB-1** |
| ) | |
| Plaintiff(s), ) | |
| ) | **MEMORANDUM OF POINTS AND** |
| vs. ) | **AUTHORITIES IN SUPPORT OF** |
| ) | **PETITIONER'S TITLE 28 USC Section** |
| ) | **2255 PETITION** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant(s). ) | |
| ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner **LUZ FAJARDO CAMPOS** respectfully submits this Memorandum of Points

and Authorities in Support of his Title 28 U.S.C. Section 2255 Petition. Petitioner's Title 28

U.S.C. Section 2255 Petition is timely filed.

## GROUNDS FOR RELIEF

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSELS DURING PRETRIAL, AND SENTENCING FOR FAILING TO OBJECT, FILE MOTIONS, INEVESTIGATE, INFORM AND APPRISE OF THE FACTS, AND EXPLAIN THE BENEFITS OF TRIAL OR ACCEPTING A PLEA OFFER..........................................................................4

GROUND TWO:  COUNSELS WERE INEFFECTIVE FOR THEIR FAILURE TO EXPLAIN AND DISCUSS PETITIONER'S AVAILABLE OPTIONS AND POSSIBLE CONSEQUENCES, DECISION TO OPT TO TRIAL OR NOT, AND ADEQUATELY COUNSEL PETITIONER OF THE SITUATION.......................................................................4

GROUND THREE: COUNSELS INEFFECTIVE ASSISTANCE RENDERS VOIDS PETITONER'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY....................................................................5

GROUND FOUR: COUNSELS WERE INEFFECTIVE FOR FAILING TO OBJECT, PRESERVE FOR APPEAL AND ARGUE THE CUMULATIVE ERRORS THROUHGT THE PRETRIAL AND SENTENCING PROCESS VIOLATING PETITIONER'S RIGHTS TO A FAIR PROCESS...............................................................7

GROUND FIVE: COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INVESTIGATE THE FACTS SURROUND THE ARREST, INVESTIGATIVE REPORTS, AND THE CONTRADICTING THEORIES AND EVIDENCE...................................................................7

GROUND SIX: COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN PLEA OFFERS AND FAILING TO PROPERLY ENGAGE IN THE PLEA NEGOTIATION PROCESS.........................................................8

GROUND SEVEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN THE SENTENCING EXPOSURE IF CONVICTED AT TRIAL OR A PLEA OF GUILTY ..............................8

GROUND EIGHT: COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO DENY SPECIAL AGENT HEDRICK TO SIT AT COUNSEL TABLE DURING THE COURSE OF TRIAL...........9

GROUND NINE: THE FAILURE TO PROVIDE ATTORNEY AND INTERPRER VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS...........10

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

GROUND TEN: COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO
     INVESTIGATE AND INFORM PETITIONER OF RESULTS .........12

GROUND ELEVEN: COUNSEL WAS INEFFECTIVE FOR DEPRIVING
     PETITIONER TO TESTIFY AT TRIAL AND SENTENCING...12

GROUND TWELVE: COUNSEL WAS INEFFECTIVE FOR FAILING TO
     PROPERLY TRANSLATE....................................................14

GROUND THIRTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO
     SHOW PETITIONER THE INDICTMENT.......................14

GROUND FOURTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING
     TO CHALLENGE THE VENUE.....................................15

GROUND FIFTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO
     REQUEST INSTRUCTIONS..........................................15

GROUND SIXTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO
     MAKE CHALLENGES....................................................16

GROUND SEVENTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO
     PROPERLY INVESTIGATE...........................................16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S
TITLE 28 USC Section 2255 PETITION

## GROUNDS FOR RELIEF

The right to effective assistance of counsel is found in the Sixth Amendment to the United States Constitution. The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. This right was comprehensively discussed in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In Strickland, supra, the Supreme Court set forth the two-prong test for establishing ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, at 687 – 88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, at 689 – 90.

Moreover, the Constitutional guarantee of counsel under the Sixth Amendment has been construed to include four rights: The right to counsel, the right to effective assistance of counsel, the right to a preparation period sufficient to ensure minimal level of quality of counsel, and the right to be represented by counsel of one's own choice.

After a defendant's Sixth Amendment right to counsel attaches, he has a right to the advice of counsel at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial. United States v. Wade, 388 U.S. 218 (1967).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

## GROUNDS

**GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSELS DURING PRETRIAL, AND SENTENCING FOR FAILING TO OBJECT, FILE MOTIONS, INEVESTIGATE, INFORM AND APPRISE OF THE FACTS, AND EXPLAIN THE BENEFITS OF TRIAL OR ACCEPTING A PLEA OFFER**

Petitioner submits that Counsel were ineffective during the plea phase, pretrial and sentencing phase because Counsels failed to apprise Petitioner of the facts, omitted and misleaded Petitioner with vital case information, failed to adequately consult with Petitioner, and waived Petitioner's exclusive right to decide to plead guilty or opt to trial.

However, Counsel never discussed or reviewed all the evidence and discovery with Petitioner. All opportunities for making an informed, willing, intelligent, and voluntary decision or whether to plea or not were taken from Petitioner when Counsel forced to plea guilty.

Had Counsel apprised, properly informed, not misleaded or deceived Petitioner, shown and discussed with Petitioner the evidence and discovery, Petitioner would not have pleaded guilty and proceeded to trial and or would have sought a more favorable outcome in plea offers.

   * For Details, Please See Affidavit Attached herein.

**GROUND TWO:  COUNSELS WERE INEFFECTIVE FOR THEIR FAILURE TO EXPLAIN AND DISCUSS PETITIONER'S AVAILABLE OPTIONS AND POSSIBLE CONSEQUENCES, DECISION TO OPT TO TRIAL OR NOT, AND ADEQUATELY COUNSEL PETITIONER OF THE SITUATION**

Petitioner here makes several allegations based on ineffective assistance of counsel. Petitioner first alleges that his attorney failed to adequately counsel him regarding situation and the difference between the plea offers and trial. An attorney "has the duty to advise the defendant of the available options and possible consequences and failure to do so constitutes ineffective assistance of

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

counsel." United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (internal quotation marks omitted).

Here, Petitioner submits that in general complaints about ineffective assistance of counsel are to be brought not on direct appeal because of a lack of record, but rather in a § 2255 proceeding. See, U.S. v. Austin, No. 07-1932 (8th Cir. Mar. 6, 2009).

Lack of consultation might well support a finding of ineffective assistance of counsel [United States ex rel. Washington v. Maroney, 428 F.2d 10 (3d Cir. 1970)], but the amount of time counsel spends with the defendant is only one factor to be weighed in determining the effectiveness of representation. O'Neal v. Smith, 431 F.2d 646 (5th Cir. 1970); Brinegar v. United States, 290 F.2d 656 (6th Cir. 1961).

Counsel failed to explain and discuss Petitioner 's forced decision to plead guilty. Counsel just moved on without addressing the Petitioner's decision.

For this reason, Counsels for Petitioner were ineffective during that precise moment in time of Petitioner's criminal process.

* For Details, Please See Affidavit Attached herein.

**GROUND THREE: COUNSELS INEFFECTIVE ASSISTANCE RENDERS VOIDS PETITONER'S GUILTY PLEA BECAUSE IT WAS ENTERED UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUTARILY**

Petitioner submits that his Guilty plea is null and void. Petitioner's guilty plea was unconstitutionally entered rendering null and void because it was entered unknowingly, unintelligently, and involuntarily due to Counsel's interfering with Petitioner's exclusive right to make the decision to stand trial or accept a plea offer. Counsels were misleading, inaccurate, deceptive, and omitted set of facts and advice. Counsels failed to discuss the elements to the charges, the Sentencing

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

Guidelines and Petitioner's Level on the U.S.S.G. Counsel exhibited his desire to a speedy disposition of Petitioner's case.

Had Counsels apprised, properly informed, not misleaded or deceived Petitioner, investigated the facts, and challenged self-serving statements used against Petitioner, Petitioner would not have entered a plea of guilty and in its stead proceeded prepared to trial or sought the most favorable plea offer.

In order for a not guilty plea to be valid, the Constitution imposes "the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice." Brady, 397 U.S. at 748. Because it operates as a waiver of important constitutional rights, the plea must also be entered "knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady, 397 U.S. at 748). It must reflect "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In evaluating the constitutional validity of a guilty plea, "courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." Walton v. Angelone, 321 F.3d 442, 462 (4th Cir. 2003) (internal citation omitted).

Petitioner submits that numerous cases make it perfectly clear that a [not] guilty plea based on such misinformation is constitutionally invalid. Smith v. O'Grady, 312 U. S. 329, 334 (1941); Henderson v. Morgan, 426 U. ...S. 780 (1979), actually supports the contrary proposition: that a constitutionally invalid guilty plea may be set aside on collateral attack whether or not it was challenged on appeal.

For this reason, the Petitioner respectfully requests this honorable Court Grant an evidentiary Hearing.

* For Details, Please See Affidavit Attached herein.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

**GROUND FOUR: COUNSELS WERE INEFFECTIVE FOR FAILING TO OBJECT, PRESERVE FOR APPEAL AND ARGUE THE CUMULATIVE ERRORS THROUHGT THE PRETRIAL AND SENTENCING PROCESS VIOLATING PETITIONER'S RIGHTS TO A FAIR PROCESS**

Counsel was ineffective for violating Petitioner's 5th and 6th Amendment Right under the US Const. Counsel forced Petitioner to enter a plea of guilty, failed to show all the evidence, failed to obtain the evidence and explain the evidence. Counsel failed to allow, procure, and provide discovery to Petitioner for inspection, without the actual facts or knowledge of the government's evidence and discovery Petitioner under the deficient advice and performance of Counsel proceeded and allowed Petitioner to plead guilty. Unbeknownst to Petitioner, the Government possessed evidence and information that Petitioner was not aware of. Counsel failed to explain, inform, advise, and engage in plea negotiations during the plea negotiation phase of Petitioner's case. The evidence to support Petitioner's claims and Grounds raised herein are readily available. Petitioner's incarceration and indigency creates hardships in obtaining, procuring and properly presenting the evidence to support Petitioner's claims and Grounds. Petitioner respectfully requests this honorable Court issue an Order Appointing Counsel, an Order Granting a Evidentiary Hearing, and a Order Granting Leave to Utilize Discovery Tools under RULE 6 in these proceedings.

For this reason, Petitioner respectfully requests this honorable Court Grant an evidentiary hearing and appoint counsel.

* For Details, Please See Affidavit Attached herein.

**GROUND FIVE: COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INVESTIGATE THE FACTS SURROUND THE ARREST, INVESTIGATIVE REPORTS, AND THE CONTRADICTING THEORIES AND EVIDENCE**

Petitioner states that Counsel was ineffective for failing to properly challenge, the arrest, search and seizure warrants.

* For Details, Please See Affidavit Attached herein.

8

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

**GROUND SIX: COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN PLEA OFFERS AND FAILING TO PROPERLY ENGAGE IN THE PLEA NEGOTIATION PROCESS**

Counsel failed to properly engage in the plea negotiation process. Petitioner did not understand Counsel during meetings and interviews with Petitioner.

\* For Details, Please See Affidavit Attached herein.

**GROUND SEVEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO EXPLAIN THE SENTENCING EXPOSURE IF CONVICTED AT TRIAL OR A PLEA OF GUILTY**

Petitioner submits that Counsel was ineffective for his failure to keep Petitioner informed of the sentencing exposure and the difference of a guilty plea and a not guilty plea. And in addition, the amount of time the honorable Court sentenced Petitioner is nowhere in Counsels information to Petitioner.

**GROUND EIGHT: COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO DENY SPECIAL AGENT HEDRICK TO SIT AT COUNSEL TABLE DURING THE COURSE OF TRIAL**

Dangers of Failing to Sequester a Witness
I. Sequestration Protects the Integrity of Testimony
  Witness sequestration exists to prevent witnesses from:
- Tailoring their testimony to match other witnesses
- Adopting facts, language, or themes already presented
- Coordinating stories, intentionally or subconsciously
  See *Geders v. United States*, 425 U.S. 80, 87 (1976); *United States v. Ell*, 718 F.2d 291, 293 (9th Cir. 1983).
  When sequestration is not enforced, testimony ceases to be independent and becomes contaminated by exposure to prior testimony.
  II. Exposure to Other Testimony Creates False Consistency
  A non-sequestered witness can:
- Adjust timelines to avoid contradictions
- Mirror key facts emphasized by earlier witnesses
- Eliminate weaknesses exposed during cross-examination
  This results in manufactured consistency, which juries find persuasive but is inherently unreliable. Courts recognize this as a core danger sequestration is designed to prevent. See *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000).

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

III. Failure to Sequester Undermines Cross-Examination

Cross-examination loses effectiveness when a witness:

- Anticipates questions based on prior testimony
- Avoids damaging admissions already exposed
- Rehearses explanations in advance

This dilutes the Sixth Amendment right of confrontation, because the witness is no longer reacting spontaneously to questioning.

IV. Heightened Danger With Cooperating or Incentivized Witnesses

The risk is especially acute where the witness:

- Is cooperating with the government
- Receives benefits, leniency, or compensation
- Has credibility issues or prior inconsistencies

Non-sequestration in these circumstances allows the witness to align testimony with the prosecution's theory, magnifying the risk of false testimony. See *Napue v. Illinois*, 360 U.S. 264 (1959).

V. Due Process and Fair Trial Implications

Failure to sequester a witness may violate due process when it:

- Results in testimony shaped by exposure to other evidence
- Affects the verdict or plea decision
- Involves government knowledge or acquiescence

See *United States v. Buchanan*, 787 F.2d 477, 485 (10th Cir. 1986).

VI. Counsel's Failure to Request or Enforce Sequestration

Counsel's failure to request sequestration—or to object when it is violated—constitutes deficient performance where witness credibility is central to the case. Prejudice is established when:

- The witness's testimony was material
- The case turned on credibility
- The testimony could have been meaningfully impeached had sequestration been enforced

See *Strickland v. Washington*, 466 U.S. 668 (1984).

Here, Counsel was ineffective for failing to make any challenges or file any motion to oppose and deny the government's motion.

* For Details, Please See Affidavit Attached herein.

## GROUND NINE: THE FAILURE TO PROVIDE ATTORNEY AND INTERPRER VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS

**The right to an accurate interpreter is fundamental**

A defendant who does not fully understand English has a constitutional right to accurate interpretation to meaningfully participate in the proceedings. See *united states ex rel. Negron v. New York*, 434 f.2d 386, 389–90 (2d Cir. 1970). This right flows from the fifth amendment's due process clause and the sixth amendment's guarantees of confrontation, effective assistance, and the right to be present. An

10

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

interpreter who provides incomplete, misleading, or incorrect translations deprives the defendant of these rights.

**Counsel had a duty to ensure accurate translation**
Defense counsel has an affirmative duty to:

- Ensure the interpreter is qualified and competent
- Ensure translations are accurate, complete, and contemporaneous
- Correct errors when they occur

**Object when mistranslations affect testimony, pleas, or rulings**
See *united states v. Joshi*, 896 f.2d 1303, 1310 (11th cir. 1990).
Counsel's failure to provide accurate information to the interpreter—or to correct known inaccuracies—falls below an objective standard of reasonableness under *Strickland v. Washington*, 466 US 668 (1984).

**Inaccurate translation is not harmless error**
Translation errors are particularly harmful when they affect:

- A defendant's understanding of charges or rights
- Plea colloquy responses
- Testimony or cross-examination
- Sentencing proceedings

Even subtle mistranslations can materially alter meaning. Courts have recognized that partial or inaccurate interpretation undermines the fairness of the entire proceeding. See *united states v. Huang*, 960 f.2d 1128, 1135 (2d cir. 1992).

**Counsel's failure resulted in prejudice**
Prejudice exists where inaccurate interpretation:
- Prevented meaningful consultation with counsel
- Led the defendant to unknowingly waive rights
- Allowed the court to rely on misunderstood or incorrect statements
- Affected the verdict, plea, or sentence
See *united states v. Mosquera*, 816 f. Supp. 168, 173 (EDNY 1993).

Had counsel ensured accurate translation, there is a reasonable probability the outcome would have been different.

**Structural due process concerns**

11

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

Where interpretation errors pervade critical stages, the error is structural, because the defendant was effectively absent from his own proceeding. See *Gonzalez v. United states*, 33 f.3d 1047, 1051 (9th Cir. 1994). A trial conducted through inaccurate interpretation is not reliable and cannot satisfy due process.

\* For Details, Please See Affidavit Attached herein.

**GROUND TEN: COUNSEL WAS INEFFECTIVE FOR HIS FAILURE TO INVESTIGATE AND INFORM PETITIONER OF RESULTS**

Counsel was ineffective for failing to inform petitioner of an investigation and the results if any from any investigation. Had Counsel investigated and informed Petitioner of any investigation, Petitioner would have proceeded to trial fully informed and with defenses to challenge the Government's theory of the case, witnesses, evidence, and tainted testimony.

\* For Details, Please See Affidavit Attached herein.

**GROUND ELEVEN: COUNSEL WAS INEFFECTIVE FOR DEPRIVING PETITIONER TO TESTIFY AT TRIAL AND SENTENCING**

**I. The Right to Testify Is Personal and Fundamental**

A criminal defendant has a **fundamental constitutional right to testify in his own defense**, grounded in the **Fifth, Sixth, and Fourteenth Amendments**. See *Rock v. Arkansas*, 483 U.S. 44, 49–53 (1987).

This right is **personal to the defendant** and **cannot be waived by counsel**. See *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc).

**II. Counsel May Not Override the Defendant's Decision**

While counsel may advise against testifying, **counsel may not prevent, forbid, or override** a defendant's decision to take the stand. When counsel:

- Refuses to call the defendant to testify
- Threatens withdrawal or sabotage if the defendant testifies
- Fails to inform the defendant of the right to testify
- Misrepresents that the court "will not allow" testimony

the defendant's constitutional rights are violated.

12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

See *Teague*, 953 F.2d at 1533.

## III. Counsel's Conduct Was Objectively Unreasonable

Under *Strickland v. Washington*, 466 U.S. 668 (1984), counsel's conduct is deficient where counsel:

- Failed to advise the defendant that the decision was **his alone**
- Failed to place the defendant's desire to testify on the record
- Prevented testimony through coercion or misinformation

Competent counsel must ensure the defendant **knowingly and voluntarily decides** whether to testify.

## IV. Prejudice Is Established

Prejudice exists where the defendant's testimony:

- Would have contradicted the government's version of events
- Addressed critical elements such as **intent, knowledge, or credibility**
- Was the only direct evidence available to rebut the prosecution

See *Nichols v. Butler*, 953 F.2d 1550, 1554 (11th Cir. 1992).

The jury never heard the defendant's explanation, depriving it of evidence essential to a fair verdict.

## V. Structural Error and Due Process

Some courts recognize that **complete denial of the right to testify** constitutes **structural error,** because it affects the entire framework of the trial and cannot be reliably assessed for harmlessness. See *Rock*, 483 U.S. at 52.

At minimum, the denial undermines confidence in the verdict and violates due process.

## VI. No Waiver on the Record

Silence at trial does not equal waiver. Waiver of the right to testify must be **knowing, voluntary, and personal**. See *Teague*, 953 F.2d at 1533–34. Where the record is silent, post-conviction relief is appropriate when the defendant credibly alleges counsel interference.

\* For Details, Please See Affidavit Attached herein.

13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

**GROUND TWELVE: COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY TRANSLATE**

Numerous times, petitioner informed counsels that the interpretation was not accurate and that petitioner did not understand. Counsels failed to take corrective action. Sections of the record illustrate the challenges of petitioner in trying to understand the translation by interpreters.

\* For Details, Please See Affidavit Attached herein.

**GROUND THIRTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO SHOW PETITIONER THE INDICTMENT**

**I. The Indictment Is the Foundation of the Prosecution**

An indictment defines:

- The **specific charges** the defendant must defend against
- The **elements** the government must prove
- The **maximum penalties and exposure**
- The scope of permissible conviction

See *Russell v. United States*, 369 U.S. 749, 763–64 (1962).

A defendant cannot make informed decisions without knowing **what he is accused of**.

**II. Counsel Had a Duty to Review the Indictment With the Defendant**

Defense counsel has a constitutional duty to:

- Review the indictment with the defendant
- Explain each count and its elements
- Discuss potential defenses and penalties
- Correct defects or ambiguities

Failure to show or explain the indictment **falls below an objective standard of reasonableness** under *Strickland v. Washington*, 466 U.S. 668 (1984).

**III. Due Process Requires Notice of the Charges**

The Fifth Amendment guarantees that a defendant receive **notice of the nature and cause of the accusation**. See *Cole v. Arkansas*, 333 U.S. 196, 201 (1948).

When counsel fails to provide the indictment, the defendant is deprived of:

14

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

- Meaningful participation in his defense
- The ability to challenge defects
- Informed decision-making regarding plea or trial

## IV. Prejudice Resulted From Counsel's Failure

Prejudice is established where lack of access to the indictment:

- Prevented the defendant from understanding essential elements
- Led to rejection or acceptance of a plea unknowingly
- Foreclosed defenses tied to specific counts
- Resulted in surprise at trial or sentencing

See *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (plea invalid where defendant did not understand elements of offense).

Had counsel reviewed the indictment with the defendant, there is a reasonable probability the outcome would have been different.

\* For Details, Please See Affidavit Attached herein.

**GROUND FOURTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE VENUE**

Petitioner states that Counsel was ineffective for failing to challenge the venue by not objecting prior to trial and by not specifying an objection in moving for a judgment of acquittal at the close of the government's evidence. Counsel failed to file a pretrial motion to challenge venue, and in moving for a judgment of acquittal at the close of the government's evidence Counsel also failed to specify a venue objection.

**GROUND FIFTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST INSTRUCTIONS**

Petitioner states that trial counsel's failure to request instructions requiring the jury to determine whether the government proved the single conspiracy charged in the indictment rather than multiple conspiracies seriously prejudiced Petitioner and was ineffective assistance of counsel.

\* For Details, Please See Affidavit Attached herein.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION

**GROUND SIXTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE CHALLENGES**

Petitioner states that Counsel was ineffective for failing to properly challenge (1) holding her responsible for 3,000 kilograms of cocaine; (2) enhancing her sentence for using non-commercial aircraft to import drugs; (3) holding her responsible for bribing law enforcement; (4) finding she maintained a drug premises; and (5) finding she was an organizer or leader of the charged conspiracy, and the district court's error in finding Petitioner obtained $18,000,000 in drug proceeds subject to forfeiture. Counsel failed to object to the drug weight calculation in the presentence report and to the district court's base offense level determination, which was governed by the quantity of drugs attributed to appellant.

* For Details, Please See Affidavit Attached herein.

**GROUND SEVENTEEN: COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY INVESTIGATE**

Counsel was ineffective for failing to properly investigate and challenge the bribery accusation. Trial counsel's failure to investigate, raise, or litigate a **bribery issue** constituted ineffective assistance under **Strickland v. Washington**, 466 U.S. 668 (1984).

* For Details, Please See Affidavit Attached herein.

16

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

## AN EVIDENTIARY HEARING IS NECESSARY AND WOULD BE USEFUL TO THE COURT

The elements to the charges, the Sentencing Guidelines and Petitioner's Level on the U.S.S.G. Had Counsel apprised, properly informed, not misleaded or deceived Petitioner, investigated those facts, and challenged self-serving statements used against Petitioner,

> "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

28 U.S.C. Section 2255

In the instant case, as set forth in Petitioner's Section 2255 Petition and Affidavits, Petitioner has pleaded, presented evidence, and argued to demonstrate that his conviction and sentence is violative of his Sixth Amendment right to effective assistance of counsel during the plea negotiation phase.

While many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records," these allegations require an evidentiary hearing under well settled law. Stoia v. United States, 24 F.3d 766, 768 (7th Cir. 1994); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (same); Nichols v. United States, 75 F.3d 1137, 1145-46 (7th Cir. 1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); United States v. Witherspoon, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir. 11-6-00)(petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).

Here, Petitioner was directed to and induced by Counsel to sign a plea agreement and enter a plea of guilty for significantly a lot less than what counsel told Petitioner. Petitioner argues that his conviction and sentence are violative of his Sixth Amendment right to effective assistance of counsel because "any amount of jail time has a Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

17

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

## RELIEF REQUESTED

For the above-named reasons, Petitioner prays that this Court:

i. Issue a writ of habeas corpus to have Petitioner brought before the Court to the end that he may be discharged from this unconstitutional conviction;

ii. Require Respondent to bring forth and file with this Court accurate and complete copies of all documents and proceedings relating to Petitioner's conviction and sentence;

iii. Permit Petitioner to amend this Petition to include any additional claims or allegations not presently known to him, that are identified or uncovered in the course of review, discovery, investigation, and litigation of this habeas corpus Petition;

iv. Require Respondent to file an answer in the form prescribed by the Rules Governing § 2255 proceedings, admitting or denying each and every factual allegation set forth in this Petition;

v. Permit Petitioner to conduct and utilize the procedures for discovery under Rule 6 of the Rules Governing § 2255 proceedings and Fed.R.Civ.P. 26 – 37, to the extent necessary to fully develop and identify the facts supporting this Petition, and any defenses thereto raised by Respondent's Answer;

vi. Conduct an evidentiary hearing to resolve any factual disputes in relation to the claims in this Petition, by Respondent's Answer to this Petition, or by Petitioner's Response to any affirmative defenses raised in Respondent's Answer;

vii. Issue a writ of habeas corpus Granting new proceedings to cure all constitutional defects in the federal proceedings that resulted in Petitioner's Federal conviction;

viii. Issue an Order appointing Counsel for Petitioner for this habeas corpus proceeding; and

ix. Grant such other and further relief as may be deemed just and proper.

## VERIFICATION

I, the Petitioner, state as follows:

a) I am a pro se pauper in federal custody; and

b) Based on my first-rate personal knowledge, and a review of the limited record, I know all the facts described in this Petition and verify them as true.

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

Dated this January 29, 2026

Signature Name / *[signature]*

**LUZ IRENE FAJARDO CAMPOS**
Reg. No. 35120-016

18

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

## CONCLUSION

**WHEREFORE**, for the reasons stated above, Petitioner prays this honorable Court Grant Petitioner the relief he seeks.

Sign Name: _____

**LUZ IRENE FAJARDO CAMPOS**
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL   35442

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**

## CERTIFICATE OF SERVICE

I, Petitioner **LUZ IRENE FAJARDO CAMPOS**, Reg. No. 35120-016, certifies and declares that on January 29, 2026, I have served the Original of the following:

**1) Title 28 U.S.C. Section 2255 Petition; 2) Declaration Of In Support Of Petitioner's Title 28 USC Section 2255 Petition; And 3) Memorandum Of Points And Authorities In Support Of Title 28 U.S.C. Section 2255 Petition**

Which is deemed filed at the time it was delivered to prison legal mail authorities for forwarding, Houston v. Lack, 101 L. Ed. 2d 245 (1998), upon the below mentioned, by placing same in sealed, postage prepaid envelope addressed to:

**District of Columbia District Court - Washington, DC**
**333 Constitution Avenue, N.W.**
**Washington, DC 20001**

And deposited same in the United States Legal Mail System at the:

**FCI Aliceville**
**FEDERAL CORRECTIONAL INSTITUTION**
**P.O.BOX 4000**
**ALICEVILLE, AL   35442**

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746, and under the laws of this State that the foregoing is true and correct to the best of my ability.

Sign Name: _____

LUZ IRENE FAJARDO CAMPOS
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL
INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL   35442

20
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S TITLE 28 USC Section 2255 PETITION**