**LUZ IRENE FAJARDO CAMPOS**
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL   35442

RECEIVED
Mailroom

FEB - 5 2026

Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA (WASHINGTON, DC)

LUZ IRENE FAJARDO CAMPOS,

    Affiant-Defendant,

    vs.

UNITED STATES OF AMERICA,

    Plaintiff(s).

)
)
)
)
)
)
)
)
)
)
)
)

Case No: **1:16-cr-00154-JDB-1**

**DECLARATION OF PETITIONER
IN SUPPORT OF PETITIONER'S TITLE
28 SECTION 2255 PETITION**

I, **LUZ FAJARDO CAMPOS,** Reg. No. 35120-016, depose and declare as follows:

I am **LUZ FAJARDO CAMPOS,** Reg. No. 35120-016, a pro se pauper in federal custody,

1.    I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

2.    Affiant **CAMPOS** states that Counsels was ineffective for his failure to explain, apprise, and properly inform Petitioner of the elements to the charges.

3.    Affiant **CAMPOS** states that entered a plea of guilty at the forceful direction of his trial counsel.

4.    Affiant **CAMPOS** states that Counsel was disinterested and half-heartedly representing Petitioner.

5.    Affiant **CAMPOS** states that Petitioner without full knowledge of the facts and consequences, unknowingly, involuntary, and unintelligently and unwillingly entered a plea of not guilty, and was forced to abandon his right to a fully informed plea or the best possible outcome.

**DECLARATION OF PETITIONER IN SUPPORT OF PETITIONER'S TITLE 28 SECTION 2255 PETITION**

6. Affiant **CAMPOS** states that Counsels at no time did Counsel provide effective advice, did not procure or provide all the evidence. Affiant did not understand Counsel during decision-making process events due to inaccurate translations or no interpreters.

7. Affiant **CAMPOS** states that Counsels exhibited interest into forcing or coercing Petitioner into pleading guilty. Counsel did not challenge the evidence, or attempted to seek an alternative to trial.

8. Affiant **CAMPOS** states that Counsels did not argue for benefit of any new rules, or laws.

9. Counsels did not discuss other options. At this point, I felt that I had to seek alternative private counsel.

10. Affiant **CAMPOS**'s right to counsel and due process was violated when no attorney provided proper translation.

11. Affiant **CAMPOS** states, that in the 36-hour hearing with the District Attorney, the lawyer assigned to my case did not assist Affiant with an investigator or investigation.

12. Affiant **CAMPOS** states that the lawyer assigned to Affiant's case did not protect and allow Affiant's right to speak.

13. Affiant **CAMPOS** states that Counsel was ineffective for the inaccurate translation offered of the hearing with the District Attorney.

14. Affiant **CAMPOS** states that Counsel has not shown any indictment to Affiant, and Affiant has not seen or reviewed any indictment.

15. Affiant **CAMPOS** states that Affiant was not arrested or detained by Police.

16. Affiant **CAMPOS** states that no drugs, guns, money or anything illicit was seized.

17. Affiant **CAMPOS** states that Affiant has not been presented with any concrete or tangible evidence.

**DECLARATION OF PETITIONER IN SUPPORT OF PETITIONER'S TITLE 28 SECTION 2255 PETITION**

18.    Affiant **CAMPOS** is not aware and has not been presented with any order of extradition, red alert, search or investigation with Interpol in any passport, an immigration officer detained Affiant for 3 hours, during that time Affiant received serious and concerning threats from the Commander of the Mexican Marine being that he ordered Affiant to leave to Colombia.

19.    Affiant **CAMPOS** states that the immigration officer took Affiant outside the Airport and to here, but none of Affiant's counsel has cared to ask for it.

20.    Affiant **CAMPOS** phone was concealed, and all information was erased and use of Affiant's pictures.

21.    Affiant **CAMPOS** identification documents have Affiant's legal name and address, some of the evidence had been altered.

22.    Affiant **CAMPOS** states that Counsel failed to correct the under oath perjury.

23.    Affiant **CAMPOS** was not afforded and violated Affiant's rights to the Mexican Consulate as Affiant was deprived to contact the Consulate.

24.    Affiant **CAMPOS** states that Counsel was ineffective for trying to force Affiant to accept a plea of guilty without explaining, sentencing, alternatives, options, and exposure to guideline ranges.

25.    Affiant **CAMPOS** repeated requested medical assistance from Counsel's, but counsels failed to take action and assure that Affiant was being provided with proper medical attention.

26.    Affiant **CAMPOS** was denied and deprived from testifying and defend myself at any stage of Affiant's proceedings.

27.    Affiant **CAMPOS** was deprived and denied by Counsel to Affiant's constitutional right to speak at Affiant's sentencing hearing.

**DECLARATION OF PETITIONER IN SUPPORT OF PETITIONER'S TITLE 28 SECTION 2255 PETITION**

28. Affiant **CAMPOS** states that Counsel's abandoned Affiant's best interests during the entire phases of Affiant's proceedings.

29. Affiant **CAMPOS** states that at time discrimination by counsel's was apparent due to Affiant's language barrier. The detention centers and BOP where Affiant was at did not have any bilingual.

30. Affiant **CAMPOS** states that R. Feitel directed and defectively advised Affiant not to present any evidence, witnesses or testify, and DO NOT hire a lawyer otherwise he (R. Feitel) will put my life in jeopardy or jeopardize Affiant's life.

31. Affiant **CAMPOS** states Counsel shared and divulged Affiant's personal and sensitive information with Mexican Authorities, Press. Affiant's conversations with Dr. Tiziana and a psychologist in particular and sent it from the Honorable Judge Ketanji Brown Jackson on DOC.

32. Affiant **CAMPOS** states that Counsel and Affiant met a several times and only provided illogical if not any advice. Counsel did not and failed to review the case with Affiant.

33. Affiant **CAMPOS** was not allowed to be present during Affiant's appeal.

34. Affiant **CAMPOS** states that Affiant was intimidated by Counsel Tony Axam and Feitel.

35. Affiant **CAMPOS** states that during any visit, Counsels never once discussed the merits of Affiant **CAMPOS**'s case.

36. Affiant **CAMPOS** states that Affiant did not know or was explained by Counsels to exactly what Affiant was being charged with in his own language or in a way that Affiant would understand.

37. Affiant **CAMPOS** repeatedly requested discovery from Counsels, but Counsels failed to provide or show all the discovery to Affiant.

38. Had Counsels explained to Affiant the elements, charges, and discovery, Affiant would have sought a favorable plea, not proceeded to trial, proceeded to trial fully prepared or not, or sought the most or a more favorable plea to plead guilty to.

**DECLARATION OF PETITIONER IN SUPPORT OF PETITIONER'S TITLE 28 SECTION 2255 PETITION**

39.  Affiant **CAMPOS** states that Counsels were ineffective for their deficient and little to no advice during the pretrial, sentencing and post sentencing phase.

40.  Affiant **CAMPOS** states that Counsels were pressuring Affiant into pleading guilty without explanation.

41.  Affiant states he wanted Counsels to show Affiant the evidence but was never shown all the evidence.

42.  Affiant states that Counsel was ineffective for failing to properly challenge, the arrest, search and seizure warrants. Petitioner's facts surrounding several of his arguments are outlined in his native language.

43.  Affiant has personal chronological notes in Affiant's native language of the facts that transpired during many of the abovenamed proceedings and phases.

44.  Affiant is requesting appointment of Counsel to obtain, procure, provide, translate and present all the detailed notes to the honorable Court in order to fully support and elaborate on all of Affiant's grounds.

45.  Affiant states that Counsel was ineffective for failing to challenge to venue by not objecting prior to trial and by not specifying an objection in moving for a judgment of acquittal at the close of the government's evidence. Appellant did not file a pretrial motion to challenge venue, and in moving for a judgment of acquittal at the close of the government's evidence appellant did not specify a venue objection.

46.  Affiant states that trial counsel's failure to request instructions requiring the jury to determine whether the government proved the single conspiracy charged in the indictment rather than multiple conspiracies seriously prejudiced her and was ineffective assistance of counsel.

47.  Affiant states that Counsel was ineffective for failing to properly challenge (1) holding her responsible for 3,000 kilograms of cocaine; (2) enhancing her sentence for using non-commercial aircraft to import drugs; (3) holding her responsible for bribing law enforcement; (4) finding she maintained a drug premises; and (5) finding she was an organizer or leader of the charged conspiracy. Appellant also contends the district court erred in finding she obtained

**DECLARATION OF PETITIONER IN SUPPORT OF PETITIONER'S TITLE 28 SECTION 2255 PETITION**

$18,000,000 in drug proceeds subject to forfeiture. Counsel failed to object to the drug weight calculation in the presentence report or to the district court's base offense level determination, which was governed by the quantity of drugs attributed to appellant.

48.    Counsel was ineffective for failing to properly investigate and challenge the bribery accusation.

49.    Affiant Sayeth Nought.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on January 29, 2026.

LUZ IRENE FAJARDO CAMPOS
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL
INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL   35442

**DECLARATION OF PETITIONER IN SUPPORT OF PETITIONER'S TITLE 28 SECTION 2255 PETITION**

## CERTIFICATE OF SERVICE

I, **LUZ IRENE FAJARDO CAMPOS,** Reg. No. 35120-016, hereby certify that I have served a true and correct copy of:

**Title 28 U.S.C. Section 2255 Motion and DECLARATION OF PETITIONER IN SUPPORT OF PETITIONER'S TITLE 28 SECTION 2255 PETITION**

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101

complete copy of the above-described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

**District of Columbia District Court - Washington, DC**
**333 Constitution Avenue, N.W.**
**Washington, DC 20001**

And deposited same in the United States Legal Mail System at the:

**FCI Aliceville**
**FEDERAL CORRECTIONAL INSTITUTION**
**P.O.BOX 4000**
**ALICEVILLE, AL   35442**

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated and executed on January 29, 2026.

Signature _Luz Irene Fajardo Campos_
LUZ IRENE FAJARDO CAMPOS
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL
INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL   35442

**DECLARATION OF PETITIONER IN SUPPORT OF PETITIONER'S TITLE 28 SECTION 2255 PETITION**