**LUZ IRENE FAJARDO CAMPOS**
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL   35442

PLEASE FILE UNDER SEAL

RECEIVED
MAILROOM
APR - 2 2026

Angela D. Caesar, Clerk
U.S. District & Bankruptcy Courts
for the District of Columbia

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA (WASHINGTON, DC)

LUZ IRENE FAJARDO CAMPOS,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No: **1:16-cr-00154-JDB-1**

**CONSOLIDATED MOTIONS:**
**PETITIONER'S REPLY TO**
**GOVERNMENT'S OPPOSITION**
**TO MOTION UNDER 28 U.S.C. § 2255;**
**MOTION FOR APPOINTMNET OF**
**COUNSEL (COMPLEX CASE); AND**
**REQUEST TO FILE UNDER SEAL**

**PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION**
**UNDER 28 U.S.C. § 2255**

    Petitioner Luz Irene Fajardo Campos respectfully submits this Reply to the Government's Opposition, Motion for Appointment of Counsel (Complex Case) and Request to File Under Seal

**I.    GOVERNING LEGAL STANDARD (WITH D.C. CIRCUIT AUTHORITY)**

While the Government cites **Strickland v. Washington**, it fails to apply binding precedent from the D.C. Circuit. A § 2255 petitioner is entitled to a hearing where she alleges facts that, if true, would entitle her to relief. **United States v. Morrison**, 98 F.3d 619, 625 (D.C. Cir. 1996). A court may deny a hearing only when claims are "vague, conclusory, or palpably incredible." **United States v. Pollard**, 959 F.2d 1011, 1030 (D.C. Cir. 1992). Ineffective assistance claims often require factual development because they involve off-record conduct. **United States v. Rashad**, 331 F.3d 908, 910–11 (D.C. Cir. 2003). The defendant's burden is met where there is a "reasonable probability" of a different outcome. **United States v. Toms**, 396 F.3d 427, 432 (D.C. Cir. 2005)

The Court must avoid hindsight and evaluate counsel's conduct based on the circumstances at the time. **United States v. Doost**, 3 F.4th 432, 437 (D.C. Cir. 2021)

Here, Petitioner's sworn allegations go far beyond conclusory statements and therefore **require a hearing**.

## THE GOVERNMENT IMPROPERLY RESOLVES FACTUAL DISPUTES

The Government repeatedly asserts that Petitioner's claims are "false" or "belied by the record." This is improper because: Credibility determinations cannot be made on a paper record; and Attorney-client communications are not reflected in trial transcripts; Translation failures and coercion are inherently extra-record. See **Rashad**, 331 F.3d at 910–11 (hearing required where claims rely on facts outside the record).

## II.  RESPONSE TO EACH GROUND FOR RELIEF

Petitioner incorporates her memorandum and declaration. Below, each ground is addressed individually.

**GROUND ONE**
**Failure to investigate, advise, and prepare**
Failure to investigate constitutes deficient performance. **United States v. Mohammed**, 693 F.3d 192, 201 (D.C. Cir. 2012). Petitioner alleges counsel failed to review evidence and consult with Petitioner. If true, this satisfies both prongs of *Strickland*. Amont other things, See also, **Appendix A**. Failed to investigate phone messages, Calls, leads, information, events, seizure, transfer to USA, and several other forms of evidence.

**GROUND TWO**
**Failure to explain options and consequences**
Counsel must advise a defendant regarding choices between trial and plea. **United States v. Taylor**, 139 F.3d 924, 929 (D.C. Cir. 1998). Petitioner alleges Petitioner was not properly informed—this directly implicates constitutional deficiencies.

**GROUND THREE**
**Invalid plea due to ineffective assistance**

CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL

Even though Petitioner proceeded to trial, her allegations of coercion and misinformation undermine the validity of decision-making. **United States v. Gaviria**, 116 F.3d 1498, 1512 (D.C. Cir. 1997). A defendant must make informed decisions; lack of understanding violates due process.

## GROUND FOUR
**Failure to preserve issues and cumulative error**
Cumulative errors can establish ineffective assistance. **United States v. Moore**, 651 F.3d 30, 87 (D.C. Cir. 2011). The Government improperly evaluates each claim in isolation.

## GROUND FIVE
**Failure to investigate facts and contradictions**
Failure to investigate key facts is deficient. **Mohammed**, 693 F.3d at 201
Petitioner alleges contradictory evidence was ignored—this cannot be resolved without a hearing.

## GROUND SIX
**Failure in plea negotiations**
Counsel must competently engage in plea negotiations. **United States v. Knight**, 981 F.2d 237, 242 (D.C. Cir. 1992). Petitioner alleges she was not properly advised of plea options.

## GROUND SEVEN
**Failure to explain sentencing exposure**
Failure to advise on sentencing risks constitutes ineffective assistance. **United States v. Booze**, 293 F.3d 516, 519 (D.C. Cir. 2002). Petitioner alleges she did not understand exposure—this is constitutionally significant.

## GROUND EIGHT
**Failure to challenge agent at counsel table**
Strategic decisions must still be reasonable. **Doost**, 3 F.4th at 437. Failure to object without investigation may constitute deficient performance.

## GROUND NINE
**Denial of interpreter / counsel assistance**

CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL

Language barriers implicate due process and Sixth Amendment rights. **United States v. Celis,** 608 F.3d 818, 840 (D.C. Cir. 2010). Petitioner alleges she could not understand proceedings—this is a serious constitutional issue.

**GROUND TEN**
**Failure to investigate and inform**
Repetition of failure to investigate strengthens—not weakens—the claim, showing systemic deficiency.

**GROUND ELEVEN**
**Denial of right to testify**
The right to testify is fundamental. **United States v. Tavares**, 100 F.3d 995, 998 (D.C. Cir. 1996). If counsel prevented testimony, prejudice is presumed or strongly inferred.

**GROUND TWELVE**
**Failure to properly translate**
Inadequate translation undermines the fairness of proceedings. **Celis**, 608 F.3d at 840

This cannot be resolved without factual development.

**GROUND THIRTEEN**
**Failure to show indictment**
Failure to inform defendant of charges violates Sixth Amendment protections.

**GROUND FOURTEEN**
**Failure to challenge venue**
Venue is a constitutional right. **United States v. Morgan**, 393 F.3d 192, 199 (D.C. Cir. 2004). Failure to challenge it may constitute ineffective assistance.

**GROUND FIFTEEN**
**Failure to request jury instructions**
Failure to request proper instructions can be prejudicial. **United States v. Washington**, 106 F.3d 983, 1002 (D.C. Cir. 1997)

**GROUND SIXTEEN**
**Failure to raise challenges**
General failure to advocate constitutes ineffective assistance when it affects outcome.

**GROUND SEVENTEEN**

CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL

**Failure to investigate (cumulative)**

Repeated failures demonstrate a pattern of deficient performance.

## III. THE GOVERNMENT'S "CONCLUSORY" ARGUMENT FAILS

Petitioner provided: A sworn declaration; Specific factual allegations and Detailed claims across all stages. Under **Morrison** and **Rashad**, this is sufficient to require a hearing.

## IV.    REBUTTAL TO GOVERNMENT'S "FACTUAL AND PROCEDURAL BACKGROUND"

The Government's opening section is **not neutral background**—it is advocacy disguised as fact.

### A. The Government Omits Critical Context

The Government emphasizes conviction and sentence but omits: The **defense-side breakdown in communication**; The **language barrier issues**; The **alleged coercion and intimidation by counsel**; The **lack of informed decision-making.**

These omissions are critical because ineffective assistance claims turn on **what occurred outside the record**, not merely what appears in the docket.

### B. Misleading Characterization of the Trial

The Government repeatedly relies on the fact that Petitioner "proceeded to trial" and was convicted. This is legally irrelevant to the § 2255 inquiry. Ineffective assistance can occur **before, during, and after trial**. A conviction does **not cure constitutional violations**. See, **United States v. Rashad**, 331 F.3d 908, 910–11 (D.C. Cir. 2003).

## V.    REBUTTAL TO "FAJARDO CAMPOS' CLAIMS" SECTION

The Government's most problematic section is its attempt to dismiss Petitioner's claims as "baseless," "incendiary," and "false."

### A. Improper Credibility Determinations

The Government Labels sworn allegations as "false", and Rejects claims without evidentiary development, this is improper. Courts must accept petitioner's factual allegations as true unless

**CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL**

inherently incredible and Credibility determinations require a hearing. See, **United States v. Morrison**, 98 F.3d 619, 625 (D.C. Cir. 1996).

**B. Mischaracterization of Petitioner's Claims**

The Government claims Petitioner's allegations are "unsupported" or "conclusory." This is demonstrably incorrect, Petitioner submitted a **detailed sworn declaration,** Petitioner provided **specific factual assertions** and Claims include **who, what, when, and how.** These are precisely the type of allegations that **require a hearing**, not dismissal.

**C. Strawman Argument Regarding "False Allegations"**

The Government highlights certain allegations (e.g., coercion, lack of evidence) and labels them "demonstrably false." However, The Government does **not cite evidence disproving these claims**. It relies solely on **argument, not proof**. This is insufficient under § 2255 standards.

## VI.   REBUTTAL TO GOVERNMENT'S LEGAL STANDARD SECTION

The Government correctly cites *Strickland* but **selectively applies it.**

**A. Failure to Apply D.C. Circuit Precedent**

The Government ignores controlling authority requiring hearings: **Morrison**, 98 F.3d at 625 (hearing required if allegations, if true, warrant relief) and **Rashad**, 331 F.3d at 910–11 (off-record claims require factual development).

**B. Misuse of "Strong Presumption" Language**

The Government relies heavily on the presumption that counsel acted reasonably. But that presumption: Is **rebuttable**; Does not apply where **specific factual allegations are made**. Petitioner has rebutted the presumption through: Detailed allegations, Sworn testimony and Specific failures by counsel.

**C. Improper Burden Shifting**

The Government effectively requires Petitioner to **prove her claims now**. This is incorrect. At this stage, Petitioner must only: Allege facts that, if true, entitle her to relief Not prove them conclusively.

CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL

## VII.    REBUTTAL TO GOVERNMENT'S ARGUMENT "COUNSEL WAS NOT INEFFECTIVE IN PLEA NEGOTIATIONS OR TRIAL PREPARATION"

### A. Government Relies on Hindsight

The Government argues that counsel's decisions were "reasonable tactical choices." But: There can be **no reasonable strategy without investigation** and There can be **no informed strategy without consultation**. See, **United States v. Mohammed**, 693 F.3d 192, 201 (D.C. Cir. 2012).

### B. Failure to Address Key Allegations

The Government does not meaningfully respond to: Failure to explain discovery, Failure to explain sentencing exposure, Failure to allow testimony and Failure to provide translation. Instead, it substitutes **general statements about competence**.

### C. Tactical Decisions Cannot Excuse Constitutional Violations

Even strategic decisions must be: Informed, Reasonable and Based on investigation. Failure to meet these standards constitutes deficient performance.

## VIII.    REBUTTAL TO GOVERNMENT'S ARGUMENT "NO PREJUDICE"

### A. Government Applies Incorrect Standard

The Government suggests Petitioner must show certainty of a different outcome. This is incorrect. The standard is: **"Reasonable probability"**, not certainty. See, **United States v. Toms**, 396 F.3d 427, 432 (D.C. Cir. 2005).

### B. Government Ignores Structural Violations

Certain violations inherently undermine fairness: Denial of right to testify, Language barriers and Coercion by counsel. These issues go beyond ordinary prejudice—they affect the **fundamental fairness of the proceeding**.

### C. Decision-Making Prejudice

Prejudice includes: Inability to make informed decisions and Loss of meaningful participation. Petitioner explicitly alleges she would have acted differently with proper advice. That alone satisfies the prejudice prong at this stage.

CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL

## IX.    REBUTTAL TO GOVERNMENT'S ARGUMENT "NO HEARING REQUIRED"

This is the Government's weakest argument.

**A. Direct Conflict with D.C. Circuit Law**

**Morrison** requires a hearing where facts are disputed. **Rashad** requires a hearing for off-record claims. Both apply here.

**B. Government Seeks Premature Factfinding**

The Government asks the Court to: Reject sworn testimony, resolve credibility issues and Decide disputed facts, All **without a hearing.** This is reversible error.

**C. Nature of Claims Requires Hearing**

Petitioner's claims involve: Attorney-client communications, Coercion and intimidation, Language barriers and Strategic decision-making. These cannot be resolved from the record.

## X.    REBUTTAL TO GOVERNMENT'S ARGUMENT "DISCOVERY AND RELIEF REQUESTS"

The Government argues Petitioner is not entitled to discovery. However, Discovery is appropriate where there is "good cause". Good cause exists where facts may entitle petitioner to relief. Petitioner has met that threshold.

## XI.

## XII.    OVERALL DEFICIENCY IN GOVERNMENT'S OPPOSITION

The Government's Opposition suffers from three core flaws:

**1. It substitutes argument for evidence**

**2. It ignores binding D.C. Circuit precedent and**

**3. It attempts to resolve factual disputes without a hearing**

## XIII.    EVIDENTIARY HEARING IS REQUIRED

A hearing is mandatory where material facts are in dispute. **Morrison**, 98 F.3d at 625

Here, disputes include: Whether counsel coerced or intimidated Petitioner; Whether Petitioner understood proceedings; and Whether counsel investigated or advised properly

These cannot be resolved without testimony.

CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL

## XIV.  CONCLUSION

The Government's Opposition does not rebut Petitioner's claims—it merely disputes them. Under controlling law, disputed facts require a hearing; Sworn allegations must be accepted as true; Constitutional claims must be fully examined.

Petitioner has demonstrated: Deficient performance under *Strickland*; Prejudice under D.C. Circuit standards; Genuine factual disputes requiring a hearing

Accordingly, Petitioner respectfully requests: An evidentiary hearing; Relief under § 2255; and any other appropriate relief.

March 28, 2026

LUZ IRENE FAJARDO CAMPOS
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL
INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL   35442

**CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL**

## CERTIFICATE OF SERVICE

I, **LUZ IRENE FAJARDO CAMPOS**, Reg. No. 35120-016, hereby certify that I have served a true and correct copy of:

**CONSOLIDATED MOTIONS: PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255; MOTION FOR APPOINTMNET OF COUNSEL (COMPLEX CASE); AND REQUEST TO FILE UNDER SEAL**

[which is considered filed/served at the moment it was delivered to prison authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101

complete copy of the above-described materials in a sealed envelope affixed with the appropriate pre-paid first-class United States postage:

**District of Columbia District Court - Washington, DC**
**333 Constitution Avenue, N.W.**
**Washington, DC 20001**

And deposited same in the United States Legal Mail System at the:

**FCI Aliceville**
**FEDERAL CORRECTIONAL INSTITUTION**
**P.O.BOX 4000**
**ALICEVILLE, AL   35442**

Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated and executed on March 28, 2026.

Signature _____
**LUZ IRENE FAJARDO CAMPOS**
Reg. No. 35120-016
FCI Aliceville
FEDERAL CORRECTIONAL
INSTITUTION
P.O.BOX 4000
ALICEVILLE, AL   35442